# State of Alabama *v.* Atkins & Co.

*Proceeding to make Additional Assessment of Taxes.*

1. *Proceedings to make additional assessment of taxes; sufficiency of judgment.*—The back tax commissioner proceeded under the act "to amend an act to provide for the more efficient collection and assessment of taxes in the State of Alabama," (Acts of 1898-99, p. 195) to make additional assessment of taxes against the owner on property described in the owner's written assessment, which additional assessment he returned to the board of revenue of the county. The commissioner proceeded regularly and legally under said act in making this additional assessment. As a result of the trial before the board of revenue, the judge of probate wrote and signed at the foot of the assessment returned by the tax commissioner the words "assessment stands as made by tax payer." To this return of the commissioner there was attached a printed paper signed by the probate judge, in the following words: "State of Alabama, Dallas County. The court of county revenue of Dallas county heard the additional assessment to which this paper is attached, on July 23, 1900, and made an order that is written at the bottom of said additional assessment." *Held*: That such indorsement by the judge of probate plainly shows the ruling and judgment of the board of revenue, and while not in strict and literal compliance with the direction of the statute as to indorsements on the docket directed to be kept, it is sufficient to support an appeal by the State to the circuit court.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. JOHN MOORE.

The proceedings in this case were had by the back

tax commissioner of Dallas county, proceedings to make additional assessment against V. B. Atkins & Co. on their property. The facts of the case are sufficiently stated in the opinion.

SAMUEL WILL JOHN, for appellant.—The judgment rendered by the board of revenue, which was appealed from, was sufficient to support an appeal. After considering very carefully the provisions of this statute, and pointing out what duties of the court are judicial and what ministerial, and laying down the true rule in such cases, this court uses the very strong language: "On this appeal the statute provides that the case shall be tried anew. The judgment rendered by the board could not be looked to by the circuit court for any purpose."—*Birmingham B. & L. Asso v. State,* 120 Ala. 411.

PITTS & PITTS, *contra,* cited *Speed v. Cocke,* 57 Ala. 209; Code, § 3979; *Hall v. Hudson,* 20 Ala. 284; *Hudson v. Hudson,* 20 Ala. 364; *Crawford v. Crawford,* 119 Ala. 34; *Jasper Mercantile Co. v. O'Rear,* 112 Ala. 247.

HARALSON, J.—The act under which this proceeding arose, is entitled an act "To amend an act to provide for the more efficient assessment and collection of taxes in the State of Alabama." (Acts, 1898-99, p. 195.)

Section 10 of said act provides generally, that it shall be the duty of the commissioner, when it comes to his knowledge that any person has been assessed at what he considers an undervaluation, to make additional assessment against such person or property, and to return the same to the commissioners' court of the county, at the next succeeding term thereof, which court shall hear said tax commissioner upon such undervaluation, and unless they are satisfied that such undervaluation does not exist, they shall give notice, try and dispose of such assessments, as in other cases of undervaluation.

The commissioner in this case proceeded under said section 10 of said act, and made an additional assess-

ment of taxes against the defendants on property described in his written assessment, which he returned to the board of revenue of the county. It is not contended that the commissioner proceeded irregularly or illegally under the act, in making this additional assessment. The defendants had returned and the assessor had valued their stock of goods at $9,590, which valuation the commissioner raised $15,410, assessing the same at $25,000.

To what statute, let it be inquired, did the provisions of said section 10 of the act referred to make reference, when it directs the court to try the case of alleged undervaluation in an assessment, and disposes of the same "as in other cases of undervaluation?" It is not denied that reference is made to section 3979 of the Code, concerning the "correction of errors in assessments; proceedings; appeals," which provides, that "whenever objection [to any assessment returned by the assessor] is made, the court must cause the case to be stated on a docket, in the name of the State of Alabama, as plaintiff, and the taxpayer as defendant, with a note of the objection set opposite the name of the case," etc. Such a docket appears to have been kept, and on page 220 of it, was the statement of the names of the parties,—*State v. V. B. Atkins & Co.;* and opposite the name of the case, are the words, "Addtin Asst by Tax Com." These abbreviated words are of plain and definite meaning, as much so as if they had been written in full,—"Additional assessment, by Tax Commissioner." Thus far, the provisions of this section were complied with. Then follow the other directions in said section, that "the court [on the trial] shall raise or reduce the valuation of any property or subject of taxation, and fix it at the sum at which the evidence shows to be the fair market value or real value thereof," etc. From this judgment of the court either party is given the right of appeal to the circuit court, where the case shall be tried *de novo.*

As a result of the trial before the board of revenue, the judge of probate wrote and signed, at the foot of the assessment returned by the tax commissioner, the

words, "Assessment stands as made by the tax payer."
To this return of the commissioner was attached a
printed paper, signed by the probate judge, in the
words: "The State of Alabama, Dallas County. The
court of county revenue of Dallas county heard the ad-
ditional assessment to which this paper is attached, on
July 23rd, 1900, and made the order that is written
at the bottom of said additional assessment."

The State appealed to the circuit court, and in that
court, the defendant moved to dismiss the appeal on
the grounds, "that no judgment was rendered in the
cause by the board of revenue; and the judgment ap-
pealed from by the plaintiff was insufficient to support
the appeal. The court granted the motion and dismissed
the appeal, and this ruling is assigned as error.

When the board of revenue tried the case, the only
issue was, whether the assessment made by the tax
assessor should be increased, and on appeal to the cir-
cuit court, where the case was to be tried anew, the
court was to deal with it just as the board of revenue
did, on the evidence *pro* and *con*, to ascertain whether
the valuation assessed by the tax assessor should be
increased, and if so, how much. That was the sole
issue before that court, as it was before the board of
revenue.—*Sullivan v. The State*, 110 Ala. 95. As was
said in that case, "The real issue on the trial on ap-
peal being, not that the assessment made by the board
was a fair, just and legal assessment, but that the
assessment made by the tax assessor was incorrect in
certain particulars."

The judgment or finding of the board on appeal,
amounts to nothing, and is neither affirmed nor re-
versed. The essential thing to support an appeal, is
that the board of revenue shall make a finding, and from
this finding, either party may appeal, when the cause
is to be tried anew.

The object of the law is, to have all property subject
to taxation fairly assessed, and to this end it should
be liberally and not too strictly construed.—*Ala. M.
L. Co. v. County Commissioners*, 95 Ala. 106. To hold
that the judgment or finding of the board of revenue
should be entered on the docket with all the formalities

of a decree in chancery or a judgment at law, as is the contention of defendants, would be so strict and technical a construction of the statute, as would defeat the ends proposed to be accomplished. The reasons for such strictness in the rendition of judgments generally fail in findings of a court of county commissioners or a board of revenue, in proceedings of this character. So it was, in keeping with this view, it was said in a case of the character of the one before us, that the acts required of the board in the equalization of taxes, are ministerial only, "that entry to be made upon the docket of the supposed valuation is a sort of pleading—so to speak—having no element of judicial determination. So that, we take it be clear that these functions are purely ministerial; and their obvious design is to provide a practical and orderly system of bringing before the board in its judicial capacity, for its judicial action, all such complaints in matters of assessment as might need judicial supervision."—*Birmingham B. & L. Asso. v. The State,* 120 Ala. 403.

It appears that the action of the board of revenue in the matter before it, while not a strict and literal compliance with the directions of the statute, in entries on the docket directed to be kept, it yet plainly shows the ruling and judgment of the board, and in such form as to support the appeal. The court below erred in ruling otherwise, and in dismissing the appeal.

Reversed and remanded.