# *Ex parte* Howard-Harrison Iron Co,

## *Petition for Certiorari.*

1. *Proceedings to raise assessment of property for taxes; sufficiency of judgment.*—In a proceeding to raise the assessment of property for taxes on application of the back tax commissioner, where the commissioner seeks only to have the valuation of the real estate raised, a judgment of the commissioner's court reciting that the assessment of the respondent is raised from a total valuation of both the real and personal property as given in for assessment to a con-

[*Ex parte* Howard-Harrison Iron Co.]

siderably larger sum, such judgment is not subject to the objection that it was raised in the valuation of personal property, as well as real property and that as the proceedings were to raise only the valuation of the real property, the court had no jurisdiction as to the personal property, and the judgment was therefore void; the judgment, although reciting the total valuation of the assessment, being referable to the proceeding on which the judgment was based, which showed a raise in valuation of the real estate alone.

2. *Same; same; appeal to circuit court.*—In a proceeding to raise the assessment of real estate for taxation, where in its judgment the commissioner's court orders the assessment of the property owner to be raised from a total valuation of all its property as assessed, to a larger amount, without referring particularly to real property, such judgment is sufficient to support an appeal to the circuit court; and from such judgment, the State, if dissatisfied with the increase, can prosecute an appeal to the circuit court.

3. *Same; judgment of circuit court; when erroneous; certiorari.* In a proceeding to raise the assessment of real estate for taxation, where an appeal is taken from a judgment of the commissioners court to the circuit court, and a judgment is rendered increasing the assessment of the property as fixed by the commissioners court, it is error for the circuit court in its judgment, after raising the valuation of the property, to go further and render a judgment against the respondent in the proceeding, for a specified amount ascertained to be due as taxes on the increased valuation; but for the correction of this error the respondent has a remedy by appeal, and is not, therefore, entitled to the common law writ of *certiorari*.

This was an original application for the common law writ of *certiorari*, filed in the Supreme Court. The judgment rendered by the circuit court, which is complained of in the application for *certiorari*, after reciting the organization of the jury, then continues as follows: "We, the jury, find the issues in favor of the planitiff and find that the value of the property of the defendant for the year 1897 was one hundred and forty thousand dollars, and that the defendant having paid in its taxes on one hundred thousand dollars, that the taxes due the State is now for the excess, to-wit: The taxes, State and county, on forty thousand dollars

valuation, being the sum of four hundred and sixty dollars, and we so find for the year 1897."

The purpose of the application and the facts of the case are sufficiently shown by the opinion.

JAMES E. WEBB and B. C. JONES, for petitioner, cited 2 Desty on Taxation, 640; *Wright v. State,* 103 Ala. 95; *Bell v. Otts,* 101 Ala. 186; *Holdsombeck v. Fancher,* 112 Ala. 41; *Davis v. Davis,* 56 Ala. 49; *Hays v. Cockrell,* 41 Ala. 75; *Stahmer v. S'ate,* 27 So. Rep. 311; *Sullivan v. State,* 110 Ala. 95.

W. K. TERRY, *contra,* cited *Johnson v. Gillett,* 52 Ill. 358; *Ex parte Howard-Harrison Iron Co.,* 119 Ala. 484; *Perry County v. R. R. Co.,* 58 Ala. 563.

DOWDELL, J.—Proceedings were commenced in the commissioners' court of Jefferson county by the tax commission under the statute for the purpose of raising the valuation on real estate given in for assessment for taxes by the petitioner here, the Howard-Harrison Iron Co. The property was described in the notice or complaint filed by the tax commissioner in the commissioners' court in the same manner as described by the petitioner in the original listing, when returned or given in for assessment. This description was by metes and bounds, and was sufficiently accurate and definite. The commissioners' court acquired jurisdiction on the filing of the notice by the tax commissioner, for the purpose of passing upon the question of valuation of the real estate. In the original assessment the real estate of the petitioner was assessed at a valuation of $13,265 and the personal property at $60,430, total valuation $73,695. The tax commissioner sought to have the valuation of the real estate raised from $13,265 to $250,000; there was no effort in the proceedings so begun to have the valuation on personal property raised. On the hearing before the commissioners' court, the judgment of that court was as follows: "It is ordered by the court of county commissioners that the assessment of the Howard-Harrison Iron Company, be raised from $73,695 to $100,000." It is now con-

tended by petitioner that this was a raise in valuation of the personal property as well as the real property, and that as the proceedings which were begun were to raise the valuation of the real estate only, the court had no jurisdiction as to the personal property, and its judgment was, therefore, void. We think this contention unsound and without merit. The proceeding begun, being solely for the purpose of raising the valuation of the real property, the raise made in the judgment, although reciting the *total* valuation in the assessment, was referable to the proceeding on which the judgment was based, and when so referred showed a raise in valuation on the real property in an amount equal to the difference between *total* valuation mentioned, $73,695, and the sum to which it was raised, $100,000, viz., $26,305. From this judgment an appeal was taken by the tax commissioner, in the name of the State of Alabama, to the circuit court, where a trial was had under the statute, and a judgment rendered in favor of the State giving a still greater increase in valuation. This judgment, the petitioner now seeks by the common law writ of *certiorari*, to vacate and annul. The contention is that the judgment of the commissioners' court was insufficient to support an appeal to the circuit court, and that the latter court, therefore, acquired no jurisdiction and hence its judgment is void, and, being void, the petitioner is without other remedy than a common law writ of *certiorari*. Under the authority of the case of the *State of Alabama v. Atkins,* 129 Ala. 138, the judgment of the commissioners' court above set out was sufficient to support an appeal to the circuit court. This being true the circuit court under the statute acquired jurisdiction.—*Ex parte Howard-Harrison Iron Co.,* 119 Ala. 484.

In addition to raising the valuation on the property, the circuit court in its judgment went further, and rendered a judgment for a specified amount, awarding an execution against the petitioner. This was unauthorized under the proceeding for raising the valuation on the assessment of property for taxation and was erroneous, but the petitioner had its remedy by appeal for the correction of the error. The error was not such as to ren-

der the judgment void, but only erroneous as to this part, being valid as to that part raising the valuation on the assessment. The petitioner, having a complete and adequate remedy. by appeal to correct the error in the judgment of the circuit court, is not entitled to the common law writ of *certiorari,* and the same will be denied.—*Weaver v. State,* 39 Ala. 535; *Dean v. State,* 63 Ala. 153; 2 Wait's Actions & Defenses, 134-5.