[Lawler *et al.* v. Lyness.]

# Lawler *et al.* v. Lyness. (Two Cases.)

*Proceeding to quash an Execution. Application for Certiorari.*

1. *Appeal and certiorari; the latter will not be awarded if appeal affords redress.*—In civil causes, when the remedy by appeal affords full and complete redress, *certiorari* will not lie, but the party must resort to the remedy afforded by appeal; and a party to a proceeding in the probate court can not present the same questions for review both by a direct appeal to the Supreme Court from the judgment rendered in the probate court, and by a petition to the circuit court for a writ of *certiorari.*

2. *Disqualification of probate judge; recital of order appointing special judge.*—Where a probate judge is incompetent to hear any matter coming up before him, it is not necessary for its validity that the order of the register making the appointment under the statute (Code of 1886, § 802), should recite that the person appointed "was a disinterested person, learned in the law;" such provision of the statute merely defining the qualifications of the person to be appointed.

3. *Judgment against administrator; right of sureties to have same annulled and execution thereon quashed.*—The administrator of an insolvent estate having been cited, at the instance of a creditor of the estate, to appear and file his account for a final settlement, the court, after reciting the fact of service of the citation, stated an account against him, and ordered him to appear and show cause why the account, which was served upon him, should not be passed and allowed and a final decree rendered against him. The administrator appeared and obtained leave to file his account, and the cause was continued for thirty days. Four years later, on the motion of another creditor of the estate, the court, after reciting its previous actions and orders, issued a citation to said administrator requiring him to appear and show cause why the account previously stated should not be passed and allowed and a final decree rendered against him therefor. After this notice and citation, the court rendered a decree in favor of the last mentioned creditor; such decree being correct and formal, and reciting, among other facts, that "the case had been regularly continued" to the date of its rendition. *Held:* That on the facts, there was not a discontinuance of the cause, and there was no ground shown for granting the motion of the sureties on the administrator's bond to set aside and annul the decree against the administrator, and quash the execution issued thereon ; and that there was nothing shown to authorize the issuance of a writ of *certiorari* by the circuit court

[Lawler *et al.* v. Lyness.]

on the application of the administrator and his sureties, or to sustain an appeal to the Supreme Court from the decree of the probate court refusing to annul its decree and quash the execution issued thereon.

APPEALS from the Circuit and Probate Court of Cleburne.

Heard before the Hon. D. C. BLACKWELL, Special Judge of the Circuit Court ; and Hon. W .F. ALSABROOK, Special Judge of the Probate Court.

The facts of the case are sufficiently stated in the opinion.

AIKEN & BURTON, for appellants.—The order appointing the special judge was void. There is no allegation any where that he was a disinterested person or learned in the law. The register's appointment does not show he was a practicing attorney in the county ; but all that the register says in regard thereto is *descriptio personæ*. Nor does it appear that the register is register for Cleburne county, unless it is to be inferred from the caption, being The State of Alabama, Cleburne County. For the deficiencies above stated, W. F. Alsabrook had no jurisdiction, and the decree and execution, therefore, were null and void.— *Wilson v. Wilson*, 36 Ala. 655 ; *Horton v. Howard*, 79 Mich. 642.

The probate court had no jurisdiction of the subject matter at the time of the rendition of the final decree against the administrator.—*Elliott v. Mayfield*, 4 Ala. 417 ; *Hanna v. Price*, 23 Ala. 826 ; *Taliaferro v. Bassett*, 3 Ala. 670 ; *Blackwell v. Vastbinder*, 6 Ala. 218.

MERRILL & BRIDGES, *contra*.—When the probate judge certifies his incompetency to the register in chancery, and states in his certificate the reasons for his incompetency, the truth of the reason stated can not be inquired into collaterally.— *Wilson v. Wilson*, 36 Ala. 655 ; *Heydenfeldt v. Towns*, 27 Ala. 423. A person who is appointed a special judge, and acts under such appointment, even if the appointment is illegal, is a *de facto* judge, and his judgments and decrees, as such, can not be collaterally assailed.—Black on Judgment, §§ 175, 266.

When a decree of the probate court is assailed collaterally, every reasonable intendment is made in favor of the validity of the decree. All questions which the court

[Lawler *et al.* v. Lyness.]

had the right to decide are conclusively adjudicated ; and whether correctly or not is not the subject of inquiry. *Acklen v. Goodman*, 77 Ala. 521 ; *Key v. Vaughn*, 15 Ala. 497 ; *Wright v. Ware*, 50 Ala. 549 ; Black on Judgments, §§ 245; 270, 271, 633 ; *Gamble v. Jordan*, 54 Ala. 432 ; *Landford v. Dunklin*, 71 Ala. 594.

If a judgment or decree is not void, for want of jurisdiction, the court rendering it has not power at a term subsequent to its rendition to vacate or alter it.—Black on Judgments, § 306 ; *Pettus v. McClannahan*, 52 Ala. 55 ; *Ex parte Creswell*, 60 Ala. 378.

A discontinuance may be waived and will be considered as waived, when not insisted upon on the trial. Nor is a discontinuance presumed from the failure of the record to show continuances from term to term. Nor can a discontinuance occur except by the positive act of one of the parties.—*Ex parte Owens*, 52 Ala. 475 ; *Benson v. State*, 91 Ala. 86 ; *Reeves v. State*, 96 Ala. 33.

The time within which an appeal must be taken from a decree of the probate court, on a final settlement of administration, is fixed by statute at six months.—Code of 1886, § 3641, sub-div. 5. When the common law writ of *certiorari* is improvidently issued, it will, on motion, be dismissed.—*Fore v. Fore*, 44 Ala. 478 ; 4 Encyc. of Plead. & Prac. 234 ; *Ind. Pub. Co. v. Amer. Press Asso.*, 102 Ala. 475 ; Harris on *Certiorari*, §§ 15, 54, 55, 81.

COLEMAN, J.—There are two of these appeals ; one from a judgment of the circuit court, overruling a motion to quash an execution issued from the probate court of Cleburne county and dismissing the application for a writ of *certiorari* which had been previously granted. The other appeal is direct from the judgment of the probate court overruling the application of appellants to quash the execution, and to set aside and annul the judgment, upon which the execution issued.

The decree or judgment in the probate court, upon which the execution issued, bears date May 10th, 1893. The execution was levied upon the property of appellants, who filed their application and motion before W. F. Alsabrook, as special probate judge, by whom the decree had been rendered, praying that the execution be quashed and decree set aside and annulled. The motion to quash the execution was overruled and the application

[Lawler *et al.* v. Lyness.]

dismissed. This action in the probate court was the basis for the petition to the circuit court for a common law writ of *certiorari*, and also for the appeal direct to this court. Section 3640 of the Code of 1886 provides that "An appeal lies to the circuit or Supreme Court from any final decree of the court of probate, or from any final judgment, order or decree of the judge of probate," &c.

Appellee's motion to dismiss the appeals presents the question, whether, conceding that appellant had the right to resort to the common law writ of *certiorari* as a proper remedy, he can present the same questions for review both by a direct appeal to this court from the judgment of the probate court, and by petition for a *certiorari* to the circuit court. Upon this question we hold that it is in accordance with the spirit of the statute providing for appeals, as well as with our decisions, that in civil actions, when the remedy by appeal affords full and complete redress, *certiorari* will not lie, and the party must resort to the remedy afforded by appeal. That when the remedy by appeal is inadequate, then the common law writ of *certiorari* may be resorted to.—*Independent Pub. Co. v. American Press Association*, 102 Ala. 475, and citations. Both proceedings, the one by *certiorari* and the other by appeal, rest substantially upon the same facts. Independent of these principles, we are of opinion that neither appeal, the one from the circuit court, nor that from the probate court, can be sustained, when considered upon their merits.

The facts may be briefly stated as follows : On the 18th of June, 1877, (as appears from appellants' abstract, p. 3), W. Y. Lawler, who was the general administrator of the county, was appointed administrator *de bonis non* of the estate of Samuel Hunter, deceased, whose estate had been declared insolvent, and appellants were sureties on his bond as such administrator. On the 24th of May, 1888, at the instance of a creditor, the administrator *de bonis non*, was cited to appear and file his accounts for a final settlement. On 11th of June, 1888, the court, after reciting the fact of service of the citation, proceeded to state an account against him as provided in the statute. An order was made that a copy of the account, with notice to appear and show cause why the account should not be passed and allowed and a final

decree rendered against him, be personally served upon Lawler, administrator *de bonis*. On 9th of July, Lawler appeared, and on his application, leave was granted him to file his account and the cause was continued to the 9th of August, Lawler "filing his written waiver of citation and copy of order to show cause why the same should not be made final." These proceedings were had in the year 1888. On the 21st December, 1892, Mary E. Lyness appeared as a creditor, and on her motion the court, after reciting the previous actions and orders of the court, "issued a citation to said administrator *de bonis non*, requiring him to appear at the next term of the court, on the second Monday in January, 1893, to show cause why the said account as previously stated should not be passed and allowed as stated, and a final decree be rendered against him therefor." This citation was executed on the 31st of December, 1892. S. P. Baker was the probate judge when all these orders and proceedings were had in the probate court. On the 9th of January, 1893, the said judge, S. P. Baker, certified under the statute (section 802 of the Code of 1886), that "he was incompetent on the grounds of having been counsel for one of the parties interested in said proceeding." On the same day O. W. Shepherd, the register in chancery, proceeding under the statute (section 802, *supra*), appointed W. F. Alsabrook, an "attorney practicing in the court of said county," &c. After notice and citation to Lawler, the court, the special judge presiding, rendered a decree in favor of the appellee, the foundation of these appeals. The decree recites the incompetency of the probate judge of the court, as certified to by him, the appointment of the special judge by the register, and recites that "the case had been regularly continued to that date," and is correct and formal in all respects.

One of the objections to the proceedings and decree is, that the order of the register making the appointment, does not recite that the person appointed, "was a disinterested person, learned in the law." This provision of the statute merely defines the qualifications of the person to be appointed, a question which cannot be thus collaterally raised. Another objection is, that there was a discontinuance in the proceedings from 1888 to December, 1892. This contention conflicts with the recital in

the decree, and is not affirmatively supported by the record. Furthermore, the proceedings show a further citation to the administrator, and service upon him, to appear and show cause why the account stated and filed should not be passed and allowed, and the final decree of the court was rendered upon the execution of service of this notice and citation. The administrator was in court for a final settlement. It is clear there was no discontinuance of the cause, and conceding all that is claimed on this point, the decree would be merely irregular and not void.

Another objection is, that appellants were not securities on the administrator's bond. This contention conflicts with the averment of the petition we have quoted from page 3 of the abstract, and is not supported by any evidence.

We must not be understood as holding that the decree in the probate court is even irregular. Clearly it is not void.

If, instead of dismissing either appeal, we consider both upon their respective merits, the judgment in both cases must be affirmed. Our conclusion is, that in the *certiorari* case, the judgment must be affirmed, and in the appeal case it must be dismissed. Judgment will be rendered accordingly.