# Cook, *et al. v.* Court County Commissioners Walker County

### *Certiorari to Quash Stock Law District.*

(Decided June 29, 1912.   59 South. 483.)

1. *Certiorari; Returns; Surplusage.*—While the court has the power to strike irrelevant parts of a return to certiorari, the better practice is to disregard such matters as surplusage, and the refusal of the court to strike on motion cannot be made the subject of complaint by petitioner.

2. *Same; Return; Jurisdiction.*—Where the transcript of the return to certiorari shows jurisdiction in the inferior tribunal, the revisory court will not quash its proceedings for mere irregularity or defect.

3. *Same; Effect.*—The record as returned by an inferior court upon certiorari imports absolute verity, and is conclusive on the matter of that tribunal's jurisdiction, for if jurisdictional facts do not appear they cannot be supplied by mere gratuitous assertions in the return or by parol.

4. *Same; Irregularity.*—When the return to a certiorari is merely irregular or informal, a further return should be caused to be made, or an amendment required, rather than the writ or petition be dismissed.

5. *Same.*—A return to a writ of certiorari when irregular or informal may be corrected on the motion of either party or by the court upon its own motion, and a demurrer thereto is improper.

6. *Same.*—The return to a writ of certiorari should consist of a full transcript of the record or proceeding sought to be reviewed, and should contain all papers responsive to the writ.

7. *Same; Office.*—The principal office of the common law writ of certiorari is to control the action of an inferior tribunal and keep it within its ˉjurisdiction.

8. *Animals; Stock Law District; Jurisdiction; Record.*—Where the record showed that a large number of landowners signed a petition which was filed in the court of county commissioners, and that a sum of money was deposited to defray the expenses of the election, and recited that the court found such land owners to constitute a majority of the freeholders of that section, and ordered the holding of an election to ascertain whether stock should be prohibited from running at large in that district, these facts are sufficient to establish the jurisdiction of the court as against attack on certiorari.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Common-law certiorari by Wm. Cook and others to the Court of County Commissioners of Walker County to quash an order establishing the stock law district. From a decree dismissing the writ, petitioners appeal. Affirmed.

The return to the writ showed 69 signers to a petition alleging that they were bona fide freeholders residing in precinct No. 4, and owning a freehold estate in said precinct, but not alleging that they constitute a majority of the freeholders of said beat or precinct, asking that an election be held to ascertain whether or not a majority of the qualified electors desire or favor a law prohibiting stock from running at large in said precinct. The judge found that they constituted a majority of the bona fide freeholders residing in said precinct and ordered an election, upon compliance with the statutory provision, and, in accordance with the statutes made and provided, set a day for the election and appointed managers and clerks and a returning officer. The return also showed an election held wherein 77 voted stock law and 61 voted no stock law. The return also showed a proper order and judgment establishing stock law in said precinct, and finding that it was outside of an incorporation town or city. Objection to the return was taken by motion to strike the paper purporting to be the petition, and also striking the order establishing the district, for various infirmities noted in the motion.

RAY & COONER, for appellant. No brief reached the Reporter.

BANKHEAD & BANKHEAD, for appellee. The purpose of a common law certiorari is to review proceedings as they appear of record in the inferior court.—

*Commissioners Court v. Wilborn,* 155 Ala. 195. The order was made on a joinder of the two petitions filed, and was sufficient on certiorari.—Sec. 3312, Code 1907; *Martin v. Crook,* 155 Ala. 199. Nothing is intended to be without the jurisdiction of a court of general jurisdiction, but that which appears specifically to be so. —*Pettus v. McLanahan,* 55 Ala. 52. The effect of section 3312, Code 1907, is to abrogate the rules attempted to be applied by appellant.

MAYFIELD, J.—This is common-law certiorari, to quash or annul the proceedings had in the commissioners' court of Walker county, by which a stock law district for beat 4 of that county was established. The law and equity court of Walker county awarded its fiat or allocatur to the commissioners' court, on the petition of the appellants. The commissioners, in response to the writ, answered by certifying a transcript of the proceedings establishing the stock law district. On the hearing after the proceedings were so certified, the law and equity court declined to quash the proceedings in the commissioners' court, and dismissed the petition of appellants. From that order the petitioners prosecute this appeal.

The first seven assignments of error go to the refusal of the lower court to strike certain parts, and the whole, of the return made by the commissioners' court to the writ. The appellants can take nothing by these assignments. While the court, we suppose, might strike parts or the whole of a return, if the matter certified is improper, surplusage, and wholly irrelevant and insufficient, yet it is not error for the court to decline to so strike. The result is that if the proceedings, or the transcript thereof, is insufficient to show jurisdiction on the part of the commissioners' court to establish the

district as the statute directs, the revisory court will quash and annul the proceedings establishing the district, in accordance with the petition. If the proceedings show mere irregularities or defects not going to the jurisdiction of the commissioners' court, then the proceedings are not absolutely void, and will not and should not be quashed.

The return should consist of a full and complete transcript of the record or proceedings sought to be reviewed if the writ so orders, for the reason that the trial is on the answer and return, and is limited to an inspection of the record as returned and not upon an issue of fact as to what the parties claim by parol the record will or should show. While the order is, often, to send up the record, a certified and authenticated transcript thereof is usually what is sent up. But sometimes, and in some cases there is a peremptory command to send up the record itself. This, however, is unusual. The transcript so certified and sent up is treated as the record. The return should, of course, be responsive to the writ and should fully answer the allegations in the petition for the writ. It should not contain papers or proceedings which do not or cannot constitute a part of the record which is to be reviewed; and, if the return contains such matters, the court will disregard it or treat it as surplusage; or it may strike out such matter. But it is said by the textwriters on the subject that this latter mode is rarely resorted to, and that the better practice is to simply disregard such matters, for the reason that there is danger of striking out parts of the return that were properly contained therein, and no possible harm can result from surplusage which is disregarded.—4 Ency. Pl. & Pr p. 219.

The principal office of the common-law writ of certiorari is to control the action of inferior tribunals and keep them within their jurisdiction.

The record as returned by the inferior court or tribunal imports absolute verity and is taken as conclusive, and, for the purpose of contradicting the return, matters not contained therein will not be considered.

If the return shows that the inferior tribunal has jurisdiction, this is conclusive, and assignments for want of jurisdiction are not allowed.

If the jurisdictional facts do not appear from the record, they cannot be supplied by mere gratuitous assertions in the return nor by parol. If, however, the return is merely informal or irregular, the better practice is not to dismiss the writ or petition, but to require an amendment of the return, or further return to be made. If the return is not specific or omits matters which ought to be returned, a further return to specify or complete the return should be ordered. But if the same result would necessarily follow with as without the further return, then of course it would be useless to order it.

A further return in proper cases may be made by the court ex mero motu or on motion of either party. Such matters are largely within the discretion of the court, as the issuance of the order originally is largely matter of discretion.

It is not a proper practice to demur to a return of the writ of certiorari. We have above pointed out the proper practice. It is expressly stated in the texts and decisions that an objection, that matters de hors the record are contained in the record, cannot be taken by demurrer.—4 Ency. Pl. & Pr. 219.

Section 3312 of the Code now reads as follows: "The commissioners' court possesses original and un-

[Cook, et al. v. Court County Commissioners Walker County.]

limited jurisdiction in relation to the establishment, change, or discontinuance of roads, bridges, causeways, ferries, and stock law districts within the county, except where otherwise provided by law, to be exercised in conformity with the provisions of this Code."

The two petitions filed in this case, we hold conferred jurisdiction upon the commissioners' court to act, and the record shows that they found the necessary facts to authorize the holding of the election; and that however irregular the proceedings, they are not absolutely void, and the court properly declined to quash the same. While the petition does not in terms allege that a majority of the landowners signed the petition, and does not in terms allege that the petitioners have deposited money sufficient to defray the expenses of holding such election, it does show that the petition was signed by a great number of landowners; and the court found that they constituted a majority, as the statute requires, and that the petition had been filed as prescribed. Whether those signing constituted a majority of those qualified to sign such petition, and whether the amount of money deposited was sufficient, would also be matters prima facie for the court to decide; and the record recites that all of these requisites were complied with, and therefore the proceedings were not absolutely void and should not be quashed.—*Martin v. Crook,* 155 Ala. 199, 46 South. 482.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.