# Wright v. Court Co. Com. Geneva Co.

*Certiorari to Annul Stock Law Election.*

(Decided February 14, 1913. Rehearing denied April 23, 1913. 61 South. 918.)

1. *Certiorari; Common Law; Province of.*—A writ of common law certiorari will not be issued, and will not lie if an appeal or writ of error will accomplish the same purpose.

2. *Same; Irregularity.*—Common law certiorari will not issue to correct mere irregularities in the proceedings of inferior jurisdictions.

3. *Same; Discretion.*—The writ of common law certiorari is not a writ of right, but is addressed to the sound discretion of the judge or court.

4. *Same; Stock Law Election; Judgment; Defect.*—Where a stock law election was properly had under the statute (sections 3306, 3312, 5881, Code 1907). it will not be quashed under common law certiorari because the judgment entry did not affirmatively show that the court ascertained the facts stated in the petition, or that it was signed by the requisite number of qualified electors.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Petition by J. J. Wright for certiorari to quash and annul the proceedings of the court of commissioners of Geneva county establishing a stock law district. From an order denying the writ, the petitioner appeals. Affirmed.

W. O. MULKEY, for appellant. The court is of limited jurisdiction, and every jurisdictional fact must appear of record.—*Mayfield v. Com. Ct.,* 148 Ala. 548; *Brazeel v. Blount County,* 155 Ala. 196. The judgment ordering the election and declaring the result fails to ascertain the necessary jurisdictional facts as required by Acts 1909, p. 124. The provisions of section 3312, do not so enlarge the jurisdiction of this court

as to make its judgment binding unless jurisdictional facts appear.—*Steele v. Tutwiler,* 68 Ala. 107; *Lindsey v. Loan Assn.,* 120 Ala. 156, and authorities supra.

No counsel marked for appellee.

MAYFIELD, J.—This is a common-law certiorari to the circuit court of Geneva county to quash a proceeding in the commissioners' court of that county to establish a stock law district in precinct No. 5. The circuit court denied the application, and petitioner appeals.

As has been frequently decided by this court, unless proceedings of inferior courts are absolutely void they will not be quashed on common-law certiorari.

We are of the opinion that, upon the petition filed in the commissioners' court to establish the stock law district in question, the statutes conferred jurisdiction on the court for that purpose, and that, the court having so acquired jurisdiction, mere errors or irregularities will not render subsequent proceedings void on their face, nor subject to be quashed on certiorari.

Sections 3306 and 3312 of the Code confer, and define, the jurisdiction of commissioners' courts for the purpose of establishing stock law districts; and chapter 139, §§ 5881-5898, of the Code, provide the procedure for so establishing such districts. Section 3306 of the Code makes the commissioners' court one of record. Section 3312 of the Code is as follows: "The court possesses original and unlimited jurisdiction in relation to the establishment, change, or discontinuance of roads, bridges, causeways, ferries, and stock law districts within the county, except where otherwise provided by law, to be exercised in conformity with the provisions of this Code." Section 5881 of the Code is

in part as follows: "The courts of county commissioners, or courts of like jurisdiction, in their respective counties, have full and complete authority to supervise and direct the holding of elections for establishing stock law districts in their respective counties, or parts thereof, and for holding elections for the purpose of repealing stock laws established in their respective counties, and to declare the results of such elections, except as to incorporated cities and towns," etc. Section 5882 of the Code is in part as follows: "Whenever a majority of the bona fide freeholders residing in any precinct in any county owning a freehold estate in such precinct, and outside of any incorporated city or town in the precinct, shall file with the court of county commissioners, or court of like jurisdiction of the county, a petition in writing, stating that they desire an election in such precinct to ascertain whether or not a majority of the qualified electors of such precinct desire or favor a law prohibiting the running at large of stock in such precinct, and shall deposit with the probate judge of the county an amount of money sufficient to defray the expenses of holding such election, it shall be the duty of the court of county commissioners, or court of like jurisdiction, to file said petition with the date of such filing, and proceed to inquire and ascertain whether or not the petition is signed by a majority of the bona fide freeholders residing in, and owning a freehold estate in the precinct outside of any incorporated city or town, and shall indorse thereon and spread on their minutes such finding and an order that an election shall be held in such precinct, on a day to be named in such order," etc.

Such a petition as the statute directs was presented to and filed by the commissioners' court, and the election ordered, and the result declared. This we think

was sufficient to attach and confer jurisdiction, and to render the proceeding invulnerable to attack for want of jurisdiction, in a proceeding like this.

Section 5887 of the Code provides for a contest of the election; and other sections of the Code, referred to in this section, provide for an appeal.

If any errors intervened in the matter of establishing the district, the law provided ample means for having them corrected—which was not attempted in this case—but the whole proceeding is sought to be quashed on a common-law certiorari proceeding. But such a proceeding, as we have shown, is not availing unless the record on its face shows the proceedings to have been absolutely void—which is not shown in this case. While the petition does not, in terms, conclusively show that petitioners own land in precinct 5, it does not show anything to the contrary; at most, it is indefinite only, as to this allegation.

It is conceded by counsel for appellant that the filing of a proper petition gives the commissioners' court jurisdiction to proceed to hear and determine the question—that is, whether the election shall be granted or denied—but the acute and concrete question contended for by counsel is that the record, the minute entry, must show affirmatively that the court ascertained the facts stated in the petition, that it was signed by the requisite number of persons, and that the requisite number of persons possessed the requisite qualifications, and that unless there be such an affirmative recital in the judgment entry the whole proceeding should be quashed.

We cannot assent to this proposition. If the record proclaims its own invalidity, or is otherwise absolutely void, it can and should be quashed on application such as is made in this case; but where the record as

in this case affirmatively shows that the court acquired jurisdiction of the subject-matter and of the parties, for the purpose of doing what was done, and rendering the judgment that was rendered, in this case, then errors or irregularities intervening between the attaching of the jurisdiction and the final judgment which would be good but for such intervening error would not be ground for quashing the whole proceeding on common-law certiorari.

The rules of law which control superior courts, in awarding common-law certiorari have been repeatedly stated by this court, and those applicable to this appeal may be thus summarized:

The writ of common-law certiorari is not a writ of right, unless made so by the statute. It will not be granted by superior courts to revise inferior courts, unless necessary to do substantial justice. It does not lie, if an appeal or a writ of error will do the same service. It does not lie to correct mere irregularities of inferior jurisdictions. On the hearing of the application, the proceeding in the inferior court is either quashed or affirmed, in whole or in part. The writ is addressed to the sound judicial discretion of the judge or court, who may grant or refuse it as it may seem proper in the particular case. The writ is not an instrument for, or mode of correcting and amending, imperfections or defects. If no injustice has been done or is likely to be done, on account of the matter complained of, the writ should be denied.—Harris on Certiorari, §§ 81, 138; 18 Am. & Eng. Ency. Law (1st Ed.) 567; *City Council of Montgomery v. Belser*, 53 Ala. 379; *Heirs of Bryant v. Stearns*, 16 Ala. 303; *Alabama G. S. R. Co. v. Christian*, 82 Ala. 307, 1 South. 121; *Faust v. Mayor, etc., of Huntsville*, 83 Ala. 279, 3 South. 771; *Crowder v. Fletcher & Co.*, 80 Ala. 219

While the minute entries in this case may be irregular and incomplete, in that there is no recital that it was "adjudged" or "decreed" that the petition was signed by the requisite number of qualified signers, to authorize the ordering of the election, they do, in terms, show that such a petition was filed with the commissioners, that it was marked so filed, as the statute requires, and that a hearing was had to determine whether the statutory allegations were true and whether the petition should be granted or denied; and it also appears of record, and is recited, that the petition was signed by the requisite number or proportion of the qualified citizens of the precinct, and that the petition was granted and the election ordered.

The statute does not require that a final decree or judgment shall be entered, ascertaining the facts alleged in the petition to be true or untrue, nor that the order or judgment, directing or denying the election, shall set forth the matters contained in the petition. The statute requires only that the court shall proceed to inquire, as to the petition, whether it contains one-fourth of the freeholders of the beat, and shall indorse thereon and spread on their minutes their finding, and, if the finding be in the affirmative, that the court shall then order the election.

Such was the procedure in this case, and the record so recites.

The statute contemplates only an inquiry by the court as to this matter, and that their "finding" be indorsed on the petition and spread on the minutes. It does not require that such finding shall be as definite and certain as a judgment or a decree, nor that it shall contain the words "adjudged," "decreed," or "found," by the court, which words are apt or necessary for decrees or judgments.

We think the finding, in this case, by the court, as to the statutory requisites of the petition, does appear on the minutes with sufficient certainty to prevent the quashing of the entire proceeding on a common-law certiorari.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED. JJ., concur.