## Stephens, *et al. v.* Court Co. Com. Cherokee Co.

*Certiorari to Annul Stock Law Election.*

(Decided April 17, 1913. 61 South. 917.)

*Courts; Jurisdiction; Findings; Commissions Courts; Stock Law.* —Under section 3312, Code 1907, a finding by a Commissioners Court in a proceeding to establish a stock law district that every jurisdictional requirement existed, on which premise an election was ordered, was conclusive of the court's jurisdiction, notwithstanding the petition for the election did not contain all the allegations required by Acts 1909, p. 124.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Certiorari by L. B. Stephens and others against the Court of County Commissioners of Cherokee County to quash and annul an order creating stock law district. From an order denying their petition, petitioners appeal. Affirmed.

The petition, as set out in Exhibit A, is as follows: "We, the undersigned, citizens of beat 8, will ask the commissioners' court to grant a stock law election in

said beat"—and is signed by a number of persons. The order of the commissioners' court is that certain persons, naming them, bona fide free-holders, residing in precinct 8 in this county, owning a freehold estate in said precinct, have filed the petition, etc., desiring an election to determine whether or not stock shall be prohibited from running at large in said precinct, which is outside of an incorporated city or town, and that said petitioners have deposited with the 'probate· judge an amount of money sufficient to defray the expenses of holding such an election, and after inquiry, the court having ascertained and determined that said petition is signed by one-fourth of the bona fide holders residing in or owning freehold estates in said precinct, it is therefore ordered, etc. Then follows the result of the election.

HUGH REED, for appellant. A proper petition properly addressed to the commissioners' court signed by a majority of the freeholders of the precinct is jurisdictionally essential to the ordering of an election to establish stock law in such precincts.—*Almon v. Ct. of County Revenue,* 179 Ala. 662; *Com. Ct. v. Johnson,* 145 Ala. 553; *Flowers v. Grant,* 129 Ala. 275. The commissioners court is a court of limited jurisdiction, and all jurisdictional facts must affirmatively appear. —Authorities supra; *Com. Ct. v. Hearne,* 59 Ala. 372; *Keenan v. Dallas County,* 26 Ala. 568; *Mayfield v. Com. Ct.,* 148 Ala. 548.

MCCONNELL & CONNOR, for appellee. The return made by the commissioners court shows every essential jurisdictional fact necessary to the ordering and declaring the result of the stock law election here sought to be annulled.—Sec. 3312, Code 1907; *Cook v. Com. Ct. of Walker County,* 59 South. 483; *Com.*

*Ct. v. Wilburn,* 155 Ala. 192; *Brazeel v. Com. Ct.,* 155 Ala. 196; *Martin v. Crook,* 155 Ala. 198.

McCLELLAN, J.—This is an appeal from the judgment of the circuit court, overruling and dismissing the petition for common-law writ of certiorari to quash an order of the commissioners' court of Cherokee county establishing a stock law district in precinct 8 of the county.

While the petition for the stock law election in question did not conform to the requirements of the law (Acts Sp. Sess. 1909, pp. 124, 125), yet the order of the commissioners' court, predicated upon these petitions, affirmatively found and adjudged that every jurisdictional requirement of that law existed, and on that premise ordered the election. Accordingly, under the doctrine applied in *Cook v. Commissioners' Court of Walker County,* 178 Ala. 394, 59 South. 483, 485, the circuit court properly dismissed the petition for certiorari. This ruling was based upon the change wrought by the amendment of Code 1896, § 957, as it now appears as section 3312 of the Code of 1907. The effect of the amendment was to convert commissioners' courts, and courts of like jurisdiction, in respect of the establishment of stock districts, from organizations of special limited jurisdiction into courts of general jurisdiction, unless "otherwise provided by law"—a condition not present in this instance.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.