# Kirby *v.* Commissioners Court Marshall Co.

## *Certiorari.*

(Decided April 23, 1914.   65 South. 163.)

1. *Certiorari; Grounds; Want of Jurisdiction.*—The office of the common law writ of certiorari is to bring in review the jurisdiction of the subordinate tribunal, or the regularity of its proceedings as shown upon the face of the records; conclusions of fact cannot be reviewed unless specially authorized by statute.

2. *Courts; Commissioners; Jurisdiction.*—Under section 3312, Code 1907, and other sections, relating to the exercise of jurisdiction by a commissioners' court in the establishment of roads, the former rule that such courts exercised only special and limited jurisdiction, has been changed, and the proceedings in such court under the above section are entitled to a liberal construction in order to uphold the court's jurisdiction.

3. *Highways; Establishment; Proceedings.*—The failure of the record of the proceedings in the commissioners' court to show that the application for the establishment of the road was made in writing, does not render the proceedings void and subject to quashal under common law certiorari.

4. *Same; Amendment.*—Commissioners' courts have power, after certiorari proceedings are instituted, to amend their record relative to the establishment of roads so as to make them conform to the fact, and show that the application was in wrtiing.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Petition by Letitia Kirby for common law certiorari to review the action of the commissioners court of Marshall county in establishing a public road, and to quash such proceeding. From a judgment dismissing petition petitioner appeals. Affirmed.

JOHN A. LUSK & SON, for appellant. The court should have certified its record as it then existed, and had no right to make amendments afterwards without order from the circuit court.—*Lowndes County v. Hearne,* 59 Ala. 373; *Cook v. Commissioners Court,* 59 South. 483. The petition is not part of the record prop-

er, and should have been stricken.—*Commissioners Court v. Bowie,* 34 Ala. 461. Application for the establishment of a public road must be in writing and by petition.—§ 5772, Code 1907. The record must show that the jurisdictional facts were ascertained.—*Goodwater Co. v. Street,* 137 Ala. 621; *Joiner v. Winston,* 68 Ala. 129. Matter that should appear of record can only be considered when it is of record.—*Petty v. Dill,* 53 Ala. 641. The court should have vacated and annuled the order of the commissioners' court.—§§ 5771-2, Code 1907; *Molett v. Keenan,* 22 Ala. 484; *Smith v. Inge,* 80 Ala. 283, and authorities supra. The court erred in dismissing the petition.—*Mayfield v. Tuscaloosa County,* 41 South. 932 and cases cited.

STREET & ISBELL, for appellee. The old rule of limited jurisdiction has been changed, and commissioners' courts now have general jurisdiction in the matter of establishment of roads.—§§ 3312 and 3765, Code 1907. The result is that the presumption will be indulged that all that was necessary to be done was done.—*Stevens v. Commissioners' Court,* 61 South. 917; *Cook v. Commissioners' Court,* 59 South. 483. The court had the right to amend that proceeding so as to make the record contain the facts and speak the truth.—*Commissioners' Court v. Hearn,* 59 Ala. 371.

MAYFIELD, J.—This is common-law certiorari to quash proceedings in the commissioners' court of Marshall county establishing a public road in that county. The circuit court denied and dismissed the petition for certiorari, and declined to quash the proceedings in the commissioners' court. From the judgment dismissing the petition for certiorari, appellant prosecutes this appeal.

It has been ruled by this court repeatedly that the supervisory power of a superior over an inferior legal tribunal, by means of a common-law writ of certiorari, extends only to questions touching the jurisdiction of the subordinate tribunal and the regularity of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute. The trial is not de novo, but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review.—*Town of Camden v. Bloch,* 65 Ala. 236; *McAllilley v. Horton,* 75 Ala. 491.

Prior to the Code of 1907 it has been uniformly ruled that "the commissioners' court of roads and revenue is a court of special, limited jurisdiction, and its proceedings, to be valid, must show upon their face affirmatively that the court has acquired jurisdiction of the subject-matter by taking those preliminary steps directed by the statute, in cases providing for its action. This was the doctrine held in the case of *Commissioners' of Roads and Revenue of Talladega County v. Thompson,* 15 Ala. 134; and the same doctrine was reasserted at the present term of this court in the case of *Lamar v. Commissioners of Roads and Revenue of Marshall County,* 21 Ala. 772."—*Molett v. Keenan,* 22 Ala. 487.

We are of the opinion, however, that it was the purpose of the Legislature to change this rule of law announced in the above cases, and, to the extent of establishing roads, stock law districts, etc., to make the court of county commissioners a court of original and unlimited jurisdiction. In fact, the statutes so declare.

Section 3312 of the Code reads as follows: "The court [commissioners'] possesses original and unlimited jurisdiction in relation to the establishment, change, or

discontinuance of roads, bridges, causeways, ferries, and stock law districts within the county, except where otherwise provided by law, to be exercised in conformity with the provisions of this Code."

Section 5765 of the Code provides as follows: "The courts of county commissioners of the several counties are invested with a general superintendence of the public roads within their respective counties, and may establish new, and change and discontinue old, roads, in the manner hereinafter provided, and shall improve and maintain the public roads, bridges, and ferries of their respective counties so as to render travel over the same as safe and convenient as practicable. To this end, they are given legislative judicial, and executive powers; they may establish, promulgate, and enforce new rules, regulations, and laws not inconsistent with the general and special laws of this state which are necessary to make, improve, and maintain a good system of public roads, bridges, and ferries in their respective counties, and regulate the use thereof."

This and similar sections of the Code relating to the jurisdiction and powers of the commissioners to establish stock law districts have been construed by this court; and in the cases treating the subject the commissioners' court was held to be, for the purposes mentioned, what the statute declares it to be, a court of original and unlimited jurisdiction, and not of special and limited jurisdiction, as it was before the passage of the statutes now in the Code of 1907. See *Cook v. Commissioners' Court*, 178 Ala. 394, 59 South. 483; *Wright v. Commissioners' Court*, 180 Ala. 534, 61 South. 918.

We can see no reason why commissioners' courts have not the same power and jurisdiction to establish roads which they have to establish stock law districts. We

likewise see no reason why the proceedings in such courts to establish roads should not receive the same liberal construction, to uphold them, when assailed on certiorari, that is accorded to proceedings to establish stock law districts. Applying the same rule of construction to statutes and proceedings governing the establishing of roads, which we applied to partly the same and similar statutes and proceedings governing the establishing of stock law districts, we hold that the proceeding (here assailed), to establish a public road in Marshall county, is not so absolutely void or irregular as to confer no jurisdiction on the commissioners' court, or to require the same to be quashed on certiorari to the circuit court.

We therefore hold that the trial court committed no error in denying the application for certiorari, nor in dismissing the petition therefor.

One of the main contentions of appellant is that the original record in the commissioners' court failed to affirmatively show that the application to establish the road in question was in writing. The record did originally show that the application to establish the road was made to the court; but it did not recite that it was in writing. The amended record, however, does affirmatively show that the application was in writing. The appellant contends, however, that the court was without authority and power to so amend the record, after the petition for certiorari to quash was filed in the circuit court.

We cannot agree with appellant in either of these contentions. We do not think that the failure of the record in the commissioners' court to recite that the application was in writing rendered the whole proceeding void and subject to be quashed. We are also of the opinion that the commissioners' court had the right to make the record speak the truth, by showing that the

application was in writing, by incorporating the application in the minute entries of the court, and by making the record a part of the return of their commissions to the writ of certiorari.

While there may have occurred errors and irregularities in the proceeding to establish this road, such as are pointed out by appellant, we find none which renders the proceeding void, or subject to be quashed on certiorari. We find no reversible error, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.