[Browning v. St. Clair County.]

# Browning *v.* St. Clair County.

### Contest Stock Law Election.

(Decided February 3, 1916.   71 South. 108.)

1. **Appeal and Error; Record; Petition.**—Where the probate court upon certiorari from the Supreme Court, certified as part of the record omitted from the transcript, a copy of the petition calling for the stock law election, and which was a part of the proceedings in the cause, the petition will be considered as a part of the record on appeal from the contest of the stock law election.

2. **Animals; Stock Law Election; Validity.**—Where an election is void there is nothing to contest; hence, on appeal from the rulings in the contest of the stock law election, the validity of the petition and order for election, and of the proceedings of the commissioners' court are matters not properly presented on the contest.

3. **Same; Remedy.**—In such case the remedy for the review of such question is by certiorari to quash the proceedings. .

4. **Same; Presumption of Regularity.**—Where the record affirmatively shows that the orders entered upon the minutes of the court in respect to the election contained all the necessary and jurisdictional averments, and their regularity is not questioned, the proceedings should not be quashed upon certiorari, since § 3312 gives the court of county commissioners original and unlimited jurisdiction in regard to stock law elections.

APPEAL from St. Clair County Court.

Heard before Hon. JAMES L. HERRING.

Contest of stock law election by J. R. Browning and others. Judgment for contestee, and contestant appeals. Affirmed.

M. M. SMITH, for appellant.   JAMES A. EMBRY, for appellee.

GARDNER, J.—This cause originated in the contest of a stock law election for precinct No. 3, St. Clair county. From an adverse ruling, the contestant prosecutes this appeal.

(1) In response to a writ of certiorari from this court the probate court certified as part of the record omitted from the transcript a copy of the petition calling for a stock law election in said precinct. Upon submission of the cause motion was made by counsel for appellee to strike said petition from this record. The petition was a part of the proceedings in the cause, and we can see no valid reason why the same should not be considered a part of the record. The motion is denied.

(2, 3) The appeal is upon the record alone, and the only ground for reversal urged by counsel for appellant seems to

be that the petition certified in response to the certiorari does not disclose that it was marked "filed," that no order whatever was made on the petition (Code 1907, § 5882), and that the court did not acquire jurisdiction to order the election. Ruling as to any other grounds of contest are not insisted upon.

The argument of counsel is directed to the validity vel non of the order for the election, and of the proceedings in the commissioners court. We entertain the opinion that this is matter not properly presented in a contest of the election. See sections 5882 and 455, Code 1907. As said by this court in *Commissioners' Court v. Johnson,* 145 Ala. 553, 39 South. 910, if the "election was void, there was nothing to contest." The remedy for review of such questions is by certiorari to quash the proceedings. However, as we deem the matter of such character as should be determined without further litigation, we will discuss the question argued by counsel.

(4) The brief of counsel discloses that his reliance is upon that class of cases decided prior to what is now section 3312 of the Code, which gives the court of county commissioners original and unlimited jurisdiction in relation to such matters as we now have under review. The following quotation from the recent case of *Edwards v. Bibb County Com'rs,* 193 Ala. 554, 69 South. 449, is applicable here: Appellant relies on *Commissioners' Court v. Holland,* 177 Ala. 660 [58 South. 270], and the cases therein cited. When the cases cited  *  *  *  came up for decision the court of county commissioners was esteemed as an inferior tribunal of a strictly limited jurisdiction in respect of roads and stock law districts, and to its orders and sentences in such matters it was necessary that its records should show affirmatively the facts upon which its authority depended. It was to prevent the frequent miscarriages resulting from this status of the court's jurisdiction that the statute was amended (section 3312, supra), to make it a court of original and unlimited jurisdiction in relation to the establishment of roads and stock law districts. Uniformly it has been held under the statute in its present form that, where the record affirmatively shows that the court acquired jurisdiction of the subject-matter by the filing of a proper petition, as the record by its recital of facts found does show in this case, errors and irregularities intervening in the subsequent proceedings will not furnish ground for quashing the proceedings on common-law certiorari.

[Browning v. St. Clair County.]

—*Benedict v. Commissioners' Court*, 177 Ala. 52 [58 South. 306] ; *Cook v. Comms. Ct.*, 178 Ala. 394 [59 South. 483] ; *Stephens v. Commissioners' Court*, 180 Ala. 531 [61 South. 917] ; *Wright v. Commissioners' Court*, 180 Ala. 534 [61 South. 918]. See, also, *Kirby v. Commissioners' Court*, 186 Ala. 611 [665 South. 163]."

The case of *Stephens v. Commissioners' Court, supra,* is very much in point in the instant case.

The record before us shows that the orders entered upon the minutes of the court of county commissioners in respect to the stock law election contained all necessary and jurisdictional averments, and the regularity of the orders of said court is not here attacked. The order calling for the election recites, among other things, that the petition was filed on November 4, 1913. In *Stephens v. Commissioners' Court, supra,* it was held that although the petition did not conform to the requirements of law, yet, as the order of the commissioners' court affirmatively adjudged that every jurisdictional requirement of the law was met, the proceeding should not be quashed upon the petition for certiorari. Speaking of the effect of the change of the provision of the Code as now found in section 3312, the opinion says : "The effect of the amendment was to convert the commissioners' courts, and courts of like jurisdiction, * * * unless 'otherwise provided by law'—a condition not present in this instance."

By what is here said we do not mean to indicate that it would be held, even in the absence of the change wrought by section 3312, that a failure to have the petition marked "filed," or to have any order indorsed on the petition itself, would affect the proceeding; the records of the court showing that the petition was, in fact, before the commissioners' court and acted upon. Indeed, we are inclined to the contrary view. However this may be, we think it quite clear that under the statute as it now exists, and under the decisions of this court, the point is not well taken.

We have given consideration to the only question presented in brief of counsel for appellant.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.