(120 So. 475)

### CAMPBELL MOTOR CO. v. STANFIELD.
### (8 Div. 637.)

Court of Appeals of Alabama.   Oct. 30, 1928.

Rehearing Denied Nov. 20, 1928.   Reversed on Mandate Feb. 26, 1929.

Bradshaw & Barnett, of Florence, for appellant.

James C. Roberts, of Florence, for appellee.

BRICKEN, P. J. This is the second appeal in this case. 214 Ala. 506, 108 So. 515. The action was detinue by appellant against the appellee for the recovery of an automobile sold by appellant to one Theo Gray, who executed to appellant a mortgage on the car for balance of purchase money, which mortgage was duly recorded.

The facts of the case, as disclosed by the record, are that said car was delivered to the purchaser, Gray, who, after driving it for some time, wrecked it and employed Young & Poore, who were in the automobile business, to repair it. It also appears that one Jim Bond was in the employ of appellant and had charge of the collection department on secondhand cars for appellant. That while said car was being repaired, as aforesaid, by Young & Poore, the said Bond went to Young & Poore's place of business and saw the car in question being repaired and made no objection thereto, and stated that when the charges for repairs were paid to notify him. The repair charges were never paid, and the car was advertised and sold under an attachment suit to satisfy the mechanic's lien, and that appellant was notified that a judgment had been rendered and that the car was to be sold on a certain day. Appellee purchased said car at the sale, and after the purchase appellants brought a detinue suit against him to recover the car. It does not appear that appellants ever made any claim to the car pending the litigation in the justice of the peace court.

Upon the former appeal, the Supreme Court said:

"We think the evidence was sufficient from which the jury could infer that plaintiff's agent Bond was acting within the line and scope of his authority, and whether or not Bond had knowledge of these repairs at the time, as indicated by proof offered by defendant, presents the pivotal question of fact in the case."

The several assignments of error here are of the same import and in effect attack the validity of the judgment of the justice of the peace court, upon which appellee relied, the insistence being that it was insufficient to vest the legal title of the car in question in appellee. In other words, the assignments of error insisted upon are a collateral attack upon the judgment in question.

It is a well-settled rule of law that a judgment rendered by a court having jurisdiction of the person and of the subject-matter is not open to collateral attack. The rule is that a judgment thus rendered is not open to collateral attack, though such judgment may for extrinsic cause or reason be declared void on direct proceedings. Louisville & Nashville R. R. Co. v. Tally, 203 Ala. 370, 83 So. 114.

The lower court took this view and committed no error in any of the rulings complained of. The judgment is affirmed.

Affirmed.

PER CURIAM: Reversed and remanded on authority of Campbell Motor Co. v. Stanfield, 218 Ala. 663, 120 So. 475.