(128 So. 443)

### Ex parte KELLY.

### KELLY v. CARMICHAEL et al.

6 Div. 490.

Supreme Court of Alabama.

Jan. 23, 1930.

Rehearing Dismissed June 4, 1930.

340

W. H. Smith, of Birmingham, for petitioner.

Howze & Brown, of Birmingham, opposed.

THOMAS, J.

This is the second review touching the same subject-matter and the same parties. Kelly v. Carmichael, 217 Ala. 534, 117 So. 67.

The petition is for writ of common-law certiorari to review the action of the trial court in rendering decree in equity. The substance of the petition is that the cause was submitted for decree, by the respondent in the original cause, over the objection of complainant, after interrogatories were filed and served on respondent, and before answer; and petitioner also seeks "protection against the erroneous charge against her of attorney's fees in a lump sum for all services rendered in this case by respondent's solicitor, and also all court costs." Thus is stated, by petitioner's counsel, her effort at correction and review of the action of the lower court.

It is true that a judgment rendered without jurisdiction of the subject-matter or of the parties is coram non judice. L. & N. R. Co. v. Tally, 203 Ala. 370, 83 So. 114. And if want of jurisdiction appears on the face of the record, the judgment will be treated as a nullity on attack. 15 R. C. L. § 358, p. 880.

The rule is well stated in Blount County Bank v. Barnes, 218 Ala. 230, 118 So. 460; Campbell Motor Co. v. Stanfield, 218 Ala. 663, 120 So. 475; Ex parte Tanner, 219 Ala. 7, 121 So. 423.

In Jackson Realty Co. v. Yeatman, 219 Ala. 3, 121 So. 415, it is declared upon the authority of McDonald v. Mobile Life Ins. Co., 56 Ala. 468, and Westbrook v. Hayes, 137 Ala. 572, 34 So. 622, that the bill must set forth the material averments necessary to support recovery when rested on the allegations in a pleading admitted or proved. Manchuria S. S. Co. v. Donald & Co., 200 Ala. 638, 77 So. 12.

It is further established, that a decree is void if rendered without a submission of the cause for final decree, before answer and without decree pro confesso, and was therefore not at issue and not ready for submission for a final decree. Durr v. Hanover National Bank, 148 Ala. 363, 42 So. 599; Thomas v. Barnes, 219 Ala. 652, 655, 123 So. 18; 5 Ency. Pl. & Pr. 955, 957. This condition of a record, as a rule, leads to a reversal. Smith v. Smith, 212 Ala. 132, 101 So. 903; Sloss-Sheffield S. & I. Co. v. Yancey, 201 Ala. 200, 77 So. 726; Thomas v. Barnes, supra.

■ Therefore, is the judgment rendered void if submission of the cause is prematurely taken by the court over the objection of a party when the adverse party has not answered interrogatories duly propounded? The provisions of section 6570, Code of 1928, are cumulative to the right of discovery in courts of equity, though answer under oath has been waived in the bill. Rosenau v. Powell, 173 Ala. 123, 55 So. 789.

The statute gave complainant the right to testimony of respondents, though interrogatories were not included in her original bill, and although she had waived answer thereto under oath. The interrogatories were propounded after answer was filed by respondents. The amendment to her bill, after decision reported in 217 Ala. 534, 117 So. 67, is of date of June 18, 1928; demurrer thereto, and decree thereon are of date of April 2, 1929; and answer is of date of April 4, 1929. The petition avers that on April 12, 1929, the respondents moved the court to set the cause for final hearing, and no decision on the "same appears of record," but a copy of the notice thereof served on complainant's solicitor is exhibited. Thereafter complainant's interrogatories were filed on April 24, 1929; there was a decree pro confesso against R. G. Allen, one of the parties, on April 25th. And on the same day, respondents moved for an order of reference for the purpose of ascertaining the amount necessary to be paid to redeem the property involved in this suit, from the foreclosure of the mortgage, and on that day complainant moved to strike from paragraph 17 and subdivision 8 thereof, the matter stated on the ground "that said part of said answer does not pertain to any issue involved in the bill of complaint as last amended."

The immediate proceedings to the decree are thus stated in the petition:

"8. That on April 24, 1929, Complainant propounded interrogatories to respondent W. M. Carmichael under the statute; a copy of said interrogatories is hereto attached as Exhibit 6 and made a part hereof. Complainant alleges that said interrogatories have never been answered.

"9. That on, viz: April 25, 1929, Complainant made a motion for a decree pro confesso against respondent R. G. Allen, which motion was granted on the same day. A copy of said motion and of said decree pro confesso are hereto attached as Exhibits 7 and 8 and made a part hereof.

"10. That on, viz: April 26, 1929, Complainant moved the Court to strike from the answer of respondent W. M. Carmichael the part of the same relative to the exercise by Complainant of a statutory right of redemption. A copy of said motion, filed on April 25, 1929, is hereto attached as Exhibit 9 and made a part hereof. And Complainant alleges that motion is still pending in the Circuit Court, the same being ignored by the Chancellor, and that no decision has been made thereon.

"11. That on the same day, to-wit: April 26, 1929, respondent W. M. Carmichael moved the Court to order a reference to ascertain the amount necessary to redeem the property involved from the foreclosure of the mortgage. A copy of said motion, endorsed filed on April 25, 1929, is hereto attached as Exhibit 10 and made a part hereof.

"12. That on July 20, 1929, a decree was rendered in said cause, ordering a reference. A copy of said decree is hereto attached as Exhibit 11 and made a part hereof.

"13. That on July 24, 1929, the reference was held by the Register and report made by him on the same day. A copy of said report, including the testimony taken as reported by the Register, is hereto attached as Exhibit 12 and made a part hereof.

"14. That on July 25, 1929, Complainant filed exceptions to said report, a copy of said exceptions being hereto attached as Exhibit 13 and made a part hereof.

"15. That on July 26, 1929, Complainant moved the Court to set aside the decree of reference and to expunge the same from the record. A copy of said motion, filed July 26, 1929, is hereto attached as Exhibit 14 and made a part hereof.

"16. That on August 26, 1929, a final decree was rendered in said cause overruling complainant's motion to set aside said decree of reference and overruling Complainant's exceptions to the Register's report, and allowing Complainant ninety days within which to redeem from the mortgage foreclosure sale, failing in which her bill of complaint to stand dismissed at her cost."

It should be further stated that the former proceedings in this court show that complainant's original bill was filed on March 30, 1927.

Respective counsel agree that appeal will not be from a void decree or judgment. Gartman v. Lightner, 160 Ala. 202, 49 So. 412; Hayes v. Hayes, 192 Ala. 280, 68 So. 351. If appeal would lie from such final decree in which the court had jurisdiction of the parties and the subject-matter, that course should have been resorted to by the party aggrieved, and not by way of certiorari in a case where certiorari is the remedy.

At the time of the reference the attorney for complainant, petitioner here, was present, and had the opportunity to examine the respondent and his witness, and also the right to introduce such evidence as she desired. All the parties were before the court and had the opportunity to elicit the facts called for in interrogatories so lately filed in the cause. This she did not do, or seek to do. With the evidence before the court, the register found and reported, as indicated in the report, in favor

of the respective parties, as indicated. It was to the effect that respondent owned the notes and mortgage when the bill was filed, and "he still owns the same;" that the amount justly due respondent, principal, interest and taxes, is the sum indicated in that report, and that an additional sum as "reasonable fee" for the services of the solicitor for said respondent was that indicated in the decree; and stated the aggregate or total sum.

The exceptions to the register's report were to the allowance of attorney's fee that is alleged to have been "an irregular charge against complainant," for reasons stated in the exception; that the reference was premature in that "no submission of the cause was made on that date;" that "the decree of reference was based on a motion of the Respondent Carmichael which bears no filing date and purports to be, and is, a motion for a reference to ascertain the amount necessary to be paid to redeem the property involved in this suit from the foreclosure of the mortgage, and at the time said motion was made and acted upon, on, to-wit: April 26, 1929, and July 20, 1929, respectively, the statutory right to redeem from said mortgage foreclosure was not an issue in the case, complainant having amended her bill long prior thereto by striking therefrom all such matters as pertained to the statutory right of redemption in obedience to the decision of the Supreme Court in this case that there was no equity in that phase of the bill. * * * That said reference was not authorized." Respondent Carmichael filed his answer to the bill on April 4, 1929, and on April 12, 1929, he made a motion to set said cause for final hearing. No testimony had been taken. On April 24, 1929, complainant filed interrogatories to respondent Carmichael, and on April 26, 1929, complainant made a motion to strike from respondent Carmichael's answer to the bill as last amended all that pertained to the statutory right of redemption, and her solicitor orally argued the said motion, as well as the motion for reference made on the same date by Mr. Howze for respondent Carmichael. Further exception was: "The Court has not acted upon Complainant's motion to strike, nor has respondent Carmichael answered the interrogatories propounded to him by Complainant. Wherefore said reference was not authorized."

Complainant had theretofore, and prior to the submission of the exceptions, moved to set aside the decree ordering said reference on the ground that there was no submission for final decree, and there were motions pending and undisposed of, one by respective parties. It is averred as to this:

"Said two motions were submitted together after having been set down for submission by the Attorney for Respondent and the same were argued and considered by the Court and held under consideration for quite a time and never decreed upon unless the decree in this case ordering the reference can be considered a decree upon said motion, and Complainant charges that no final decree could be rendered under either of said motions and that there was no submission at any time made for final decree and no testimony had been taken but interrogatories were filed to respondent W. M. Carmichael and served and not answered and that the reference held thereunder is void."

And the decree thereon was:

"It is accordingly ordered, adjudged and decreed by the Court that the motion of the Complainant to strike from the file the Decree of Reference heretofore rendered be and the same hereby is overruled.

"The cause being then submitted upon motion of the Respondent to confirm the Report of the Register filed herein on the 24th day of July, 1929, and upon the exceptions to said report filed by the Complainant, the Court is of the opinion that the exceptions to the Report of the Register are not well taken and should be overruled and the Report of the Register should be confirmed.

"It is therefore further ordered, adjudged and decreed by the Court that the exceptions of the Complainant to the Report of the Register filed herein on July 24, 1929 be and the same hereby are overruled and the said Report of the Register be and the same hereby is in all things ratified and confirmed."

The decree upon the merits was as follows: "It appearing to the Court from the answer filed by the respondent Carmichael that he is willing to allow a redemption of the property described in the bill of complaint from the foreclosure of the mortgage heretofore had under the power of sale contained in said mortgage, upon the payment to him of the amount of his indebtedness and it appearing from the Report of the Register that the amount of the indebtedness due the said Carmichael is the sum of thirty four thousand two hundred and two & $7\frac{1}{100}$ ($34,202.71) Dollars including interest to the date of the rendition of this decree, a reasonable Attorney's fee and the taxes expended by the said Carmichael; it is further ordered, adjudged and decreed by the Court that the Complainant pay or cause to be paid into the Registry of this Court for the use and benefit of said Carmichael said sum together with interest thereon from this date to the date of such payment, and in the event the said complainant fails or refuses to pay said sum within ninety days from this date it is ordered that her bill of complaint and this cause shall stand dismissed from the dockets of this Court at the cost of the complainant for which execution may issue." And it was a final decree and would support an appeal. DeGraffenried v. Breitling, 192 Ala. 254, 68

So. 265; State ex rel. Garrow v. Grayson, Judge, 220 Ala. 12, 123 So. 573.

It may 'be well to say of the nature of the writ applied for, that it is extraordinary, and for the supplying of defects of justice in cases obviously entitled to redress and unprovided for by the ordinary forms of proceedings. Lamar v. Marshall County Commissioners Court, 21 Ala. 772. It is not a substitute for an appeal (Dean v. State, 63 Ala. 153), and will not be awarded when the law has provided a remedy by appeal. Benton v. Taylor, 46 Ala. 388; Mills v. Commissioners' Court, 204 Ala. 40, 42, 85 So. 564; City of Decatur v. Brock, 170 Ala. 149, 54 So. 209; Ex parte Dickens, 162 Ala. 272, 50 So. 218; A. G. S. R. Co. v. Christian, 82 Ala. 307, 1 So. 121; Lawler v. Lyness, 112 Ala. 386, 20 So. 574; Wright v. Commissioners' Court, 180 Ala. 534, 61 So. 918; Ex parte Howard-Harrison Iron Co., 130 Ala. 185, 30 So. 400; Max J. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341. The principal office of the writ is to control the action of an inferior tribunal, and to keep it within its jurisdiction. State ex rel. Garrow v. Grayson, Judge, etc. (Ala. Sup.) 123 So. 573;[1] Cook v. Walker County Commissioners' Court, 178 Ala. 394, 398, 59 So. 483. In Edwards v. Bibb County Board of Commissioners, 193 Ala. 554, 559, 69 So. 449, 451, Mr. Justice Sayre made the observation that where the record affirmatively shows the court acquired jurisdiction, "errors and irregularities intervening in the subsequent proceedings will not furnish ground for quashing the proceeding on common-law certiorari." Benedict v. Board of Revenue & Road Commissioners of Mobile County, 177 Ala. 52, 58 So. 306; Cook v. Commissioners' Court, 178 Ala. 394, 59 So. 483; Stephens v. Commissioners' Court, 180 Ala. 531, 61 So. 917; Wright v. Commissioners' Court, 180 Ala. 534, 61 So. 918; Kirby v. Commissioners' Court, 186 Ala. 611, 65 So. 163; Browning v. St. Clair County, 195 Ala. 121, 71 So. 108; Ex parte Rodgers, 12 Ala. App. 218, 221, 67 So. 710; 11 C. J. p. 88, § 2; 5 Alabama & Southern Digest, Certiorari, § 5. The writ cannot be made to serve the purpose of an appeal. Summit Coal Co. v. Walker, 214 Ala. 332, 107 So. 905.

It is the rule in this jurisdiction that common-law certiorari is not a writ of right, but its issuance rests in the sound discretion of the court, and will not be employed to correct mere irregularities in proceedings. Wright v. Court of County Commissioners, 180 Ala. 534, 61 So. 918; Edwards v. Bibb County Board of Commissioners, 193 Ala. 554, 559, 69 So. 449.

There is no insistence that the court did not have the jurisdiction of the subject-matter and all the parties at interest therein; and this is shown by the record. Bruce's Ex'x v. Strickland's Adm'r, 47 Ala. 192; Bland v. Bowie, 53 Ala. 152, 160; Lewis v. Allred and Wife, 57 Ala. 628; Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754. By jurisdiction of the subject-matter is meant the nature of the cause of action and the relief sought. Cooper v. Reynolds, 10 Wall. 316, 19 L. Ed. 931; Woolf v. McGaugh, supra. And by jurisdiction of the parties, the presence in court of the parties whose rights are to be concluded or affected by the judgment rendered. All this the record shows.

The right of appeal being available, the writ of certiorari will be denied, though the record shows the irregularities indicated, a decree, before interrogatories were answered. The fact that interrogatories in chancery, under sections 6570, 6573, Code of 1928, are in the nature of a substitute for a bill of discovery (Calvert v. Calvert, 180 Ala. 105, 60 So. 261) does not affect jurisdiction if not answered, or if an answer is not compelled on due application, but amounts to no more than a mere irregularity or reversible error that may have been corrected on appeal. Browning v. St. Clair County, 195 Ala. 121, 71 So. 108. This leaves open the question whether common-law certiorari is a remedy in equity.

Writ denied.

SAYRE, BROWN, and FOSTER, JJ., concur.