# Spigener v. Rives.

### Action of Trespass.

1. *Constitutional law; local statute to prevent cattle from running at large.*—It is within the constitutional powers of the legislature to enact laws to prevent stock from running at large in certain districts in different counties of the State; and the act approved February 18, 1891, "To prevent the running at large of stock in certain portions of Elmore county," (Acts 1890–91, p. 1144), is a valid exercise of this constitutional power; and said act is not unconstitutional because in its last four sections it provides for the levy, assessment and collection of a special tax upon the property in the district embraced in the provisions of the act, for the purpose of building a fence between such district and the other portions of the county, and further provides for the way the taxes so collected shall be kept and for the construction of the fence contemplated.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. N. D. DENSON.

The facts of the case are sufficiently stated in the opinion.

GORDON MACDONALD, for appellant.—The last four sections in the act involved in this suit are unconstitutional; and all the various sections of the said act being so mutually connected with and dependent on each other, as that the provisions of the act itself can not be carried into effect without the four last sections, which are unconstitutional, the act itself is void.—Cooley's Const. Limitations, (5th Ed.), 211–214; *Vines v. State,* 67 Ala. 73; *S. & N. A. R. R. Co. v. Morris,* 65 Ala. 193; *Lowndes County v. Hunter,* 49 Ala. 507; *Warren v. Mayor,* 2 Gray (Mass.) 84; *Slauson v. Racine,* 13 Wis. 398; *Allen v. Louisiana,* 103 U. S. 80; *Campau v. Detroit,* 14 Mich. 276; *State v. Perry County,* 5 Ohio St. 497; *State v. Dousman,* 28 Wis. 541; *Powell v. State,* 69 Ala. 10; *Davis v. Minge,* 56 Ala. 124.

C. P. JONES, contra.

COLEMAN, J.—The appellant sued the appellee in

[Parks v. Barnett *et al.*]

trespass for taking up cattle which were trespassing upon his lands. The appellee justified under an .act approved February 18th, 1891, (Acts 1890–91, pp. 1144–1148, inclusive), entitled "An act to prevent the running at large of stock in certain portions of Elmore county." The only question presented is as to the constitutionality of the act. That laws to prevent the running of stock at large within certain districts are within the constitutional power of the legislature can not be questioned.—*Mc-Graw v. The County Commissioners of Greene*, 89 Ala. 407; *Stanfill v. Court of County Revenue of Dallas County*, 80 Ala. 287; *Davis v. State*, 68 Ala. 58. It is contended by appellant that sections 10–13, inclusive, are violative of constitutional provisions contained in sections two and five of Article XI.—Code, page 43. The writer of this opinion does not think it necessary to decide whether the sections of the act referred to are liable to the objections urged against them or not. The sections of the act under which the defendant justified, in my opinion, are separable from those sections against which the objection is made.—*Ex parte Cowart*, 92 Ala. 99; *Powell v. The State*, 69 Ala. 10; *McCreary v. The State*, 73 Ala. 480; 3 Brick. Dig. 127, § 18; *Noble & Ware v. Mitchell*, 100 Ala. 519. My associates are of opinion that the constitutional provision cited has no application to the statute, and that the whole act is free from constitutional objection. We all concur in the conclusion that the statute afforded a complete defense to the defendant.

Affirmed.