# Graham *v.* City of Tuscumbia, *et al.*

*Mandamus to Compel Levy of Tax to Pay Judgment.*

Decided July 6th, 1906. 42 So. Rep. 400.)

1. *Mandamus; Municipal Corporation; Judgment; Levy of Taxes; Remedy of Judgment Creditor.*—One who has recovered a judgment against a city authorized to levy a tax to pay a debt, had execution issued thereon, which is returned, nulla bona,

[Graham v. City of Tuscumbia, et al.]

and who demands payment from the proper officers which is refused, and who shows that the revenue of the city is no more than sufficient to meet the expenses thereof, may, by mandamus, compel the levying of a tax to pay the judgment.

2. *Municipal Corporations; Creation of Indebtedness; Bonds; Renewal of Bonds; Effect.*—Acts 1871-72, p. 378, authorized the city to subscribe to the capital stock of a domestic corporation and provided that the amount of subscription may be raised by taxation. A city subscribed for stock in a college, and issued its bonds therefor, and when due, part of the bonds were paid, and new bonds for the balance to extend the time of payment were issued. Held, the new bonds, like the old ones, were but evidences of the indebtedness created by the subscription to the stock, and the rights of the holder of the new bonds must be determined as of the date of the creation of the debt.

3. *Same; Judgment against the City; Res Adjudicata.*—A judgment in an action on bonds issued by a city in favor of the holder of the bonds is conclusive as to the question of the validity of the bonds in the absence of fraud in obtaining the judgment.

4. *Same; Payment of Judgment; Levying Taxes; Duty of Officers.*—Within the limitation as to the amount of the levy as provided in section 216, constitution 1901, the city must levy a tax to pay a judgment against the city obtained on a debt which arose prior to the Constitution of 1875 pursuant to a statute which authorized the city to levy taxes to pay the debt, and refusing to do so, a judgment creditor is entitled to mandamus to compel the levy.

APPEAL from Colbert Circuit Court.

Heard before Hon. JOSEPH H. NATHAN.

Application for mandamus by Permelia Stull Graham against the city of Tuscumbia and others to compel the levy of a tax to pay a judgment. From a judgment denying the application, the applicant appeals. Reversed and remanded.

The case made by the bill is: That the city of Tuscumbia issued $2,500 worth of bonds as a subscription to the Deshler Institute, bearing 6 per cent interest. That the city paid all but $1,400 of the bonds, and at their maturity issued 28 bonds, of the par value of $50, bearing 5 1-2 per cent. interest. The ownership by plaintiff of these bonds, or a large part of them. The fact that

[Graham v. City of Tuscumbia, et al.]

they had matured, were unpaid, that suit on them had been instituted against the city, and judgment rendered in favor of plaintiff against the city for the value, with interest, thereof. The return of execution against the city "No property found." A demand against the city and its authorized officers for a payment of the debt. It is further alleged that the last issue of bonds was for the purpose of extending the time of payment of the balance due on the original issue and debt. The act authorizing the city to subscribe for the capital stock and issue the bonds was pleaded, and also the act under which the city was authorized to levy the special tax sought by mandamus. The bill also states on information and belief that the revenues of the city are no greater than is required to meet the governmental expenses of the city and its government. The city admits that the council subscribed for certain capital stock of the institute, but denies the authority of the city to make such suscription under the act; admits the issuance of the original bonds, but denies the authority of the city to do so; denies the ownership of the plaintiff of the second series of bonds, and asserts that they were issued and accepted in full payment and satisfaction of the balance of the original debt; contends that the act under which the stock was subscribed and the bonds issued was not valid, and that the city has no authority now to levy the special assessment to pay the debt; admits the judgment, and the return of execution against the city of "No property found." and also that written demand had been made upon the city for a payment of the judgment, and also that the revenues of the city were not enough to meet current governmental expenses and pay this debt. The other facts sufficiently appear from the opinion.

KIRK, CARMICHAEL & RATHER, for appellant.—On the facts of this case, the plaintiff was entitled to the writ of mandamus prayed and the lower court erred in refusing it.—*City Council v. Hickman*, 57 Ala. 338; *Tarver v. Commissioners*, 17 Ala. 527. There is nothing in the contention that the act of February, 1873, was un-

[Graham v. City of Tuscumbia, et al.]

constitutional and void, and therefore that the debt created was void, for the reason that the claim had been reduced to judgment in the circuit court.—*Mayor & Aldermen v. Wetumpka Wharf Co.*, 52 Ala. 611; *State v. McBryde*, 76 Ala. 51; *Crickett v. Sibert*, 75 Ala. 315; 3 Mayfield, p. 1162. The city had authority under its charter to create a debt independent of the act assailed. —Code 1867, section 1506.

W. P. & W. L. CHITWOOD and ALMON & ANDREWS, for appellee.—The act only authorized the city to subscribe $3,000 to the Deshler Institute, and to sell the stock so subscribed. There is no power in the act to issue bonds. There must be shown a clear specific legal right to authorize the issuance of the writ of mandamus.—4 Mayfield, p. 607. There was no renewal of the old debt. The issuance of the last bond was a new debt. The parties and the consideration are both different.—*Keel v. Larkin*, 72 Ala. 502; *Connor v. Tichnor*, 26 Ala. 576. Section 216 of the constitution is not self executing, but requires an act or an ordinance to carry it into effect.— *Brown v. Slay*, 86 Ala. 122. Even if the constitution gives the power to levy a tax, it leaves it to the discretion and judgment of the authorities whether they will do so.—*White v. Decatur*, 119 Ala. 476. It should be further shown that this is the only debt of this character, and that other creditors in like category would not be injured.—*Taylor v. Kolb*, 100 Ala. 603; 1 Mayfield, 606 and 623.

DOWDELL, J.—This is an application by the appellant, Permelia Stull Graham, for mandamus to compel the municipal authorities of the city of Tuscumbia to levy a tax to pay a judgment recovered by the appellant against the municipality in the circuit court of Colbert county. On the facts averred in the petition for the writ, a proceeding by mandamus is the proper remedy.— *City Council v. Hickman*, 57 Ala. 338; *Tarver v. Commissioners of Tallapoosa*, 17 Ala. 527.

The debt on which the judgment is founded arose

prior to the constitution of 1875, under a special act of the Legislature approved February 16, 1872. Acts 1871-72, p. 378. By this act the board of mayor and aldermen of the city of Tuscumbia were "authorized in their corporate capacity to subscribe an amount not exceeding three thousand dollars to the capital stock of the Deshler Female Institute Company, incorporated under the laws of Alabama." It was further provided in section 2 of said act "that said mayor and aldermen may raise the amount so subscribed by special or general tax on persons and property of said city, or upon either." In pursuance of the power and authority given by said act, the board of mayor and aldermen of said city did, on the 11th day of May, 1872, subscribe $2,500 to the capital stock of said institute company. For the stock so subscribed the city issued three bonds, of $833.33 each, and of this indebtedness there remained due and unpaid on the 1st day of April, 1879, the sum of $1,400, and on this date the city issued and delivered, to the owner of said debt of $1,400, 28 bonds, of $50 each, payable in the future, with interest at 6 per cent. per annum. It appears from the record that this last issue of bonds was in recognition by the city of the balance of $1,400 due and unpaid on the old indebtedness, and was in reality for the purpose of extending the time of the payment of said indebtedness, and not in satisfaction and payment of said indebtedness. The bonds last issued, like the ones first issued, were in fact the evidence of the indebtedness created by the subscription to the capital stock. When the city subscribed the $2,500 to the capital stock of the said institute company, it was then that the debt was created, and the subsequent issue of the 28 bonds was but the evidence and renewal of the old debt, and not the creation of a new debt. The new issue of bonds in evidence of the debt did not differ in character from the old, and there is nothing in the record to show that the last bonds were intended, and so accepted, as in full payment and satisfaction of the original debt. The facts in the case of *Keel v. Larkin,* 72 Ala. 502, and *Car-*

*rier v. Ticknor*, 26 Ala. 576, are different from those in the case before us, and there is nothing decided in those cases in conflict with what we had said above, but what was there said is in harmony with what we have stated the law to be on the facts here.

All questions as to the validity of the bonds on which the judgment was based were between the parties foreclosed and concluded in the rendition of the judgment; no fraud being charged in obtaining the judgment.— *Mayor and Aldermen v. Wetumpka Wharf Co.*, 63 Ala. 611; Mayfield's Dig. p. 1162, § 611.

The debt having arisen prior to the constitution of 1875, on the undisputed facts in the case, the board of mayor and aldermen of the city of Tuscumbia had the power and authority to levy the tax, and it was their duty to do so to pay the judgment. As was said in *Tarver v. Commissioner's Court of Tallapoosa, supra*: "It is true the language of the act is that it shall be lawful for the commissioner's court to levy the tax, etc.; but it is well settled that the word 'may,' or the words, 'it shall be lawful,' are peremptory, when used in a statute, where the public or an individual has a right de jure, that the powers conferred by the act should be exercised." Citing *Ex parte Simonton*, 9 Port. 390, 33 Am. Dec. 320; 1 Ver. 152; *Newburgh Turnpike Co. v. Miller*, 5 Johns. Ch. (N. Y.) 113.

The board of mayor and aldermen had the power to levy the tax under the act of February 16, 1872, within the limitation as to the amount of the levy provided in Constitution 1901, § 216, for the payment of a debt existing against the municipality on the 6th of December, 1875, and, refusing to do so, the petitioner was entitled to the peremptory writ of mandamus as prayed for in her petition.

The rulings of the circuit court were opposed to the foregoing views, and the judgment appealed from will be reversed, and the caused remanded.

Reversed and remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.