# Clear Creek Lumber Co. *v.* Duncan.

*Trespass by Cattle.*

(Decided June 13, 1907. 44 South. 404.)

1. *Animals; Liability for Trespass by.*—The owner of stock may permit it to run at large, in the absence of a statute prohibiting it, and those who would avoid injury to their land from trespass by the stock must fence against them.

2. *Same; Complaint.*—A complaint for injuries to land and destruction of crops which fails to allege that the land and crops are enclosed by a lawful fence, or that the trespass occurred in a territory in which stock was prohibited from running at large, is defective under Chapter 51, Code 1896.

APPEAL from Elmore Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Robert Duncan against the Clear Creek Lumber Company for damages to lands and crops by the cattle of the defendant. From a judgment for plaintiff defendant appeals. Reversed and remanded.

28 R

D. D. ASKEW and E. S. THIGPEN, for appellant.—The complaint does not state a substantial cause of action and will not support the judgment.—131 Ala. 220; 113 Ala. 402. It is the right of every owner to permit his cattle and stock to run at large.—*M. & C. R. R. Co. v. Peacocks*, 25 Ala. 129; *M. & O. R. R. Co. v. Williams*, 53 Ala. 595; *Pruett v. Ellington*, 59 Ala. 454; *Rowe v. Baber*, 93 Ala. 424; *Hurd v. Lacey*, Id. 428. Unless the lands were enclosed by a lawful fence or the trespass was committed in a district in which stock was prohibited from running at large, there can be no recovery.—Chapter 51, Code 1896; *Hurd v. Lacey, supra.*

H. R. GOLSON, and HOLMES & HOLMES, for appellee.—There was no misjoinder in the complaint.—*Railway Co v. Martin*, 100 Ala. 511; *Buckalew v. T. C. I. & Ry. Co.*, 112 Ala. 146. No demand was necessary.—1 Cyc. p. 692. It is not necessary to allege that the injury was wrongfully done.—*Leech v. Bush*, 57 Ala. 145; *M. & M. R. R. Co. v. Crenshaw*, 65 Ala. 566.

DOWDELL, J.—It is the settled law in this state that, in the absence of a statute prohibiting the same, it is the right of every owner to permit his cattle and stock to run at large, and those who would avoid injury to their lands from the exercise of this right must inclose against them.—*Pruitt v. Ellington*. 59 Ala. 454; *Hurd v. Lacy*, 93 Ala. 428, 9 South. 378, 30 Am. St. Rep. 61; *Rowe v. Baber*, 93 Ala. 424, 8 South. 865; *M. & O. R. R. Co. v. Williams*, 53 Ala. 595; *N. & C. R. R. Co. v. Peacock*, 25 Ala. 229. The complaint contained only one count, to which a demurrer was interposed, and which was overruled by the court. It is not averred in the complaint that the plaintiff's crop of corn, alleged to have been injured or destroyed by defendant's stock or

cattle, was inclosed by a lawful fence; nor is it averred that the alleged trespass occurred in a stocklaw district, or where it was unlawful for stock to run at large.

In chapter 51, p. 649, of the Code of 1896, after defining what constitutes a lawful fence, section 2113 of the chapter provides that, "if any trespass or damage is done by any animal breaking into lands not inclosed by a lawful fence as defined in this chapter, the owner is not liable therefor," etc. The complaint did not state a substantial cause of action, and was open to the fourth ground of demurrer. The court erred in overruling the demurrer, and for this error the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.