52                    SUPREME COURT                    [Vol.

[Benedict v. Board of Revenue and Road Com'rs of Mobile County.]

# Benedict *v.* Board of Revenue and Road Commissioners of Mobile County.

### *Certiorari to Quash Order Establishing Stock Law District.*

(Decided February 17, 1912.  Rehearing denied April 25, 1912.
58 South. 306.)

1. *Certiorari; Stock Law District; Proceedings.*—Under section 3312, and Acts 1900-1, p. 2019, an order establishing as a stock district part of the territory described in the petition, will not be quashed on certiorari because the record does not show that five signers of the petition resided in the district as established, where it is not denied that five residents of the district as proposed by the petition signed it; the proceedings being good on certiorari where it did not affirmatively appear that there was not the requisite number of signers.

2. *Animals; Stock District; Constitutional Law.*—Section 104, Constitution 1901, does not have the effect to invalidate the general provisions of section 3312, and Acts 1900-1, p. 2019, authorizing commissioners court to abolish or establish stock law districts.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Petition by J. Benedict for certiorari to quash the order of the Board of Revenue and Road Commissioners of Mobile County, establishing a stock law district. From a judgment denying the relief prayed, petitioners appeal. Affirmed.

BOYLES & KOHN, for appellant. The order is void because it does not appear that the petition was signed by at least five freeholders residing in the district as established by the board as a stock district, it not being sufficient that it was signed by five freeholders of the district sought to be established.—*Joiner v. Winston,* 68 Ala. 129; *Flowers v. Grant,* 129 Ala. 275. The notice was not sufficiently given.—Authorities supra. The order was further void because the board had no au-

thority, and was without constitutional right under section 104, to exercise the rights conferred or attempted to be conferred by the Code and the Acts, under which the board purported to act.—Beach on Pub. Corp. sec. 88; 31 Cyc. 1206; Ib. 1311, 1312, and 1318; *So. Ry. v. St. Clair County,* 124 Ala. 491. As to the power of the board to carve a district of smaller extent out of the district proposed where it is not shown that five freeholders resided in the lesser district, see *Ex parte Nat. L. Mfg. Co.,* 146 Ala. 600, and cases cited.

ELLIOTT G. RICKARBY, for appellee. No notice is required of an intention to apply for an order under Acts 1900-1, p. 20, establishing stock law districts. It appears that the original petition was in proper form and signed by a great many more than five freeholders, and it therefore appears that it was sufficient to call into exercise the jurisdiction of the court.—*Stanfield v. Dallas County,* 80 Ala. 287. Jurisdiction having attached, regularity will be presumed.—*Comm. Ct. v. Thompson,* 18 Ala. 697. The fact that it did not appear from the order that notice was given, did not render the order void.—*Hawthorn v. State,* 116 Ala. 487; *Ex parte Holden,* 56 Ala. 458; 11 Cyc. 694; *Neville v. Kenney,* 125 Ala. 149. No such objection was raised in the lower court.—*L. & N. v. Barker,* 96 Ala. 436. The Constitution requires the Legislature to make provision for establishing stock law district.—Sec. 109, Const. 1901. Hence, sec. 3312, Code 1907, and the Acts under which this district was established are not violative of Sec. 104 of the Constitution, as it does not apply to a precinct that had a local stock law in force at the time of its passage.—*Brown v. Saunders,* 144 Ala. 500; *Phillips v. Bynum,* 145 Ala. 459; *Stanfield v. Dallas County, supra.*

MAYFIELD, J.—This is a common-law certiorari proceeding, and seeks to quash an order or judgment of the board of revenue, etc., for Mobile county, establishing a certain stock law district in such county.

The specific objection most strongly urged against the validity of the order or judgment complained of is that the initial petition filed in or with said board, by which the jurisdiction of the board attached, if at all, did not affirmatively show, on its face, that it contained the names of five freeholders residing within the district actually established, as is required by the statute (Acts 1900-01, p. 2019) under which the proceedings were had. This statute expressly authorized the establishing of the whole, or of a part of the territory described in the petition, as a stock law district. It is not denied that a petition was filed, nor that it contained the names of five or more freeholders residing within the proposed district; but it is claimed that the proposed district, as a whole, was not established, but that only a part of the proposed territory was established or declared to be a "stock law district," and that the petition did not show that the signers resided within the territory actually established, but showed only that they resided in that proposed. In other words, that only a part of the territory described in the petition was established as a "stock law district;" and hence that it does not appear from the record that the petitioners resided in the district so established.

A sufficient answer to this proposition on certiorari is that it does not affirmatively appear from the record that the petitioners did not reside within the district so created. The origin, office, and character of the writ, and the questions which can be considered or reviewed by such common-law certiorari, have been repeatedly

[Benedict v. Board of Revenue and Road Com'rs of Mobile County.]

declared by this court. "A certiorari at common law was an original writ, issuing out of Chancery, or the King's Bench, directed in the King's name, to the judges or officers of inferior courts, commanding them to return the record of a cause depending before them, to the end the party may have the more sure and speedy justice before him, or such other justice as he shall assign to determine the cause.—2 Bac. Abr. 162. In its nature it was a revisory remedy, intended only for the correction of errors of law, apparent on the record."—*Dean v. State,* 63 Ala. 154. "The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed unless specially authorized by the statute. The trial is not de novo, but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review."—*Town of Camden v. Bloch,* 65 Ala. 239. To authorize us to quash the proceedings in the probate court, the invalidity must appear from or by an inspection of the record itself. It must proclaim its own invalidity, or it must fail to show that the court acquired jurisdiction to render the judgment or order complained of. No such invalidity appears in this case. The statute seems to have been complied with. The original petition contained all the statutory requisites to confer jurisdiction, and the court proceeded with the hearing after due and proper notice; and the mere fact that the entire territory described in the petition was not embraced in the order establishing the stock law district did not render the proceeding void on its face or subject to be quashed on certiorari.— *Mayfield v. Tuscaloosa County,* 148 Ala. 548, 41 South. 932; *Cushman v. Blount County,* 160 Ala. 227, 49 South. 311.

[Benedict v. Board of Revenue and Road Com'rs of Mobile County.]

This is certainly true since the powers of commissioners' courts have been enlarged and extended by section 3312 of the Code of 1907, which reads as follows: "The court possesses original and unlimited jurisdiction in relation to the establishment, change, or discontinuance of roads, bridges, causeways, ferries, and stock law districts within the county, except where otherwise provided by law, to be exercised in conformity with the provisions of this Code."

We cannot agree with counsel that the Legislature has not the power to authorize commissioners' courts to establish or to abolish stock law districts. It is not, we think, an unwarranted delegation of legislative power, and we know of no inhibition in the Constitution against the Legislature's conferring the power and jurisdiction upon the commissioners' courts. The mere fact that the Constitution of 1901, § 104, prohibits the Legislature from passing local laws upon the subject of creating stock law districts, does not prevent it from passing general laws upon that subject, but makes it all the more necessary that general laws should be passed; and the Legislature has seen fit in its wisdom, to authorize commissioners' courts to create and to abolish such districts. And we are unable to see any constitutional or other valid reason why they could not or should not act accordingly.

No error appearing in the record, the judgment of the law and equity court, refusing to quash the proceedings in the commissioners' court, is hereby affirmed.

Affirmed. All the Justices concur.