(85 South. 786)

**SHACKLEFORD v. STATE. (2 Div. 711.)**

(Supreme Court of Alabama. June 10, 1920.)

**1. Costs ⚖299 — Statute for assessing costs against prosecutor, penal and strictly construed.**

A statute, providing for the assessment of costs against the prosecutor if the prosecution was instituted frivolously or maliciously, is penal, and should be strictly construed.

**2. Costs ⚖316—Judgment assessing costs against prosecutor must state the prosecution was frivolous or malicious.**

Under Code 1907, § 6722, providing that if a prosecution in county court appears to be malicious or frivolous court shall tax the prosecutor with costs, in which case the judgment entered may state the nature of the prosecution, that it appears to be malicious or frivolous, and tax the costs against the prosecutor, it is essential that the judgment state the prosecution appears to have been frivolous or malicious, the statute being penal and to be strictly construed, so where the judgment entry contained no such statement, it appearing that the prosecutor did not know that the case was called at the term at which it was begun, etc., judgment of the county court, assessing costs against him, must be quashed.

Appeal from Circuit Court, Bibb County; F. Loyd Tate, Judge.

Petition by W. Z. Shackleford for a writ of certiorari to quash a proceeding in the county court, where the costs of a proceeding, charging trespass after warning instituted by the petitioner against Charles La Rouke, were assessed against petitioner. From a judgment denying the writ, petitioner appeals. Reversed, writ granted, and proceeding quashed.

S. D. & C. D. Logan, of Centerville, for appellant.

Section 6722, Code 1907, is highly penal, and should be strictly construed. 58 Ala. 579. The judgment of the county court did not and could not find either of the two facts which must exist before such judgment can be rendered. 184 Ala. 129, 63 South. 559, 50 L. R. A. (N. S.) 553, Ann. Cas. 1916B, 703; 162 Ala. 3, 50 South. 330; 112 U. S. 254, 5 Sup. Ct. 119, 28 L. Ed. 708; 80 Ala. 288; 145 Ala. 553, 39 South. 910. The use of the word "may" is in the sense of "must," and is mandatory in said section. 9 Port. 390, 33 Am. Dec. 320; 17 Ala. 527; 28 Ala. 28; 3 Ala. 303.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Petitioner was chargeable with the knowledge of the fact that the court met on the first Monday in each month. Section 6701, Code 1907. It was not necessary that the judgment entry state that the prosecution was frivolous or malicious. 162 Ala. 3, 50 South. 330. The common-law remedy was not the proper remedy. 75 South. 191. The proper remedy was by motion to retax in the county court, and by appeal from an adverse judgment there. Acts 1911, p. 90; 11 Ala. App. 125, 65 South. 860; 42 Ala. 514.

THOMAS, J. The petition of W. Z. Shackleford was directed to the judge of the cir-

cuit court, praying for a writ of certiorari to quash and hold for naught a certain proceeding in the county court, charging trespass after warning, which was dismissed, and in which the petitioner was taxed with the costs of the prosecution. The petition for writ of certiorari being denied, appeal was taken to this court under section 4866 of the Code. City of Birmingham v. Southern Bell T. & T. Co., 203 Ala. 251, 82 South. 519.

It was and is made to appear by the record that said petitioner was a resident of the county in which the initial proceeding for trespass after warning was instituted, and the owner and in possession of a tract of land therein; that defendant Charles La Rouke was charged to have gone on said land and refused to go therefrom when warned by the said owner to do so; that thereafter (March 13, 1919) petitioner went before a justice of the peace in said county and made affidavit for the arrest of said La Rouke, charging him with trespass after warning; that a warrant issued for his arrest returnable to the county court at its next term and was duly executed; that at the April term of said court petitioner was present with his witnesses to prove said charge; that "the defendant continued the case, and that at the May, June, and July terms, 1919, he (petitioner) was also present with his witnesses to prove the charge, but that the defendant continued the case." It was further averred that neither petitioner nor his witnesses were summoned for the August term of said court, did not know of the case being called for that term or of being taxed with the costs of the prosecution until informed by letter from the county solicitor; that petitioner can prove said charges against defendant, and that he did not institute the prosecution out of malice, nor was the prosecution frivolous.

[1, 2] The theory of this petition is that the judgment entered by the county court without a hearing, in the absence of petitioner and the defendant, was void as to his taxation with the costs, for the reason that the proceeding did not show on its face that the prosecution was malicious or frivolous. In volume 3 of the Code, relative to county courts and proceedings therein, are found sections 6722 and 6723, as follows:

"6722. If the prosecution appears to the court to be malicious or frivolous, the court shall tax the prosecutor with the costs, in which case the judgment entry may be as follows:

"The State v. C. D. Prosecution for (here describe the offense by name, or some familiar description), instituted by A. B. In this case, the prosecution appearing to be malicious (or frivolous), the costs are taxed against A. B., the prosecutor.

"6723. It shall be no objection to the pro-

ceedings of the county court, either in that court or elsewhere, that they are imperfect or inaccurate; and when its proceedings are reviewed on appeal or certiorari, all amendable errors shall be regarded as amended, so as to present only the substantial inquiry of the guilt or innocence of the accused."

Section 6722 is penal, and must be strictly construed. Davis v. Curtis, 192 Ala. 64, 67, 68 South. 419; Tillman v. Wood, 58 Ala. 578. The statutory condition precedent to the taxation of costs against a prosecutor was that the prosecution appeared to the court to be frivolous or malicious.

It is insisted by the Attorney General that in the use of the word "may" in the statute (section 6722), in a case where the prosecution appears to the court to be malicious or frivolous, it showed that the statute was not mandatory, and that the form of judgment given for such case need not be followed. Petitioner's counsel insist that the word may, as it appears in the statute, is mandatory, that the form of judgment given by the statute must be followed, and state the substance of the statute as the finding of the court; that is, state that the prosecution appears to the court to be frivolous, or is made to appear, or found to have been malicious in its issue on the part of the prosecutor, as a necessary predicate to taxing the prosecutor with the costs. The latter is the true interpretation of the statute. Board of Revenue, Shelby Co., v. Farson, Son & Co., 197 Ala. 375, 382, 72 South. 613, L. R. A. 1918B, 881; Ex parte Simonton, 9 Port. 390, 33 Am. Dec. 320; Tarver v. Com'rs' Court of Tallapoosa, 17 Ala. 527; Ex parte Banks, 28 Ala. 28; Ex parte Chase, 43 Ala. 303, 311.

When the case against La Rouke was dismissed in the county court, the issue under section 6722 for decision was whether or not the prosecution instituted by petitioner against him appeared "to the court to be malicious or frivolous." The judgment rendered by the court did not decide this issue, as shown by its recitals. Without such finding and recital in the judgment by the court (if it amounted to a judgment of dismissal, which we do not hold) the taxing of prosecutor with the cost was giving to the statute a broader scope than that authorized by its strict construction. Thus the judgment was subject to be avoided as sought by petitioner's application by certiorari directed to the judge of the circuit court. The writ was erroneously denied, and is hereby awarded, and what purports to be a judgment is quashed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.