(92 South. 269)

## GEORGE v. BOARD OF REVENUE AND ROAD COM'RS OF MOBILE COUNTY. (I Div. 213.)

(Supreme Court of Alabama. Dec. 22, 1921. Rehearing Granted Feb. 11, 1922.)

1. **Statutes** ⬅227—Words "have power and authority" construed as permissive or mandatory in accordance with legislative intent.

The words "have power and authority" in ordinary acceptance and in private transactions are usually construed as permissive, but their proper construction, when used in a statute, as to whether permissive or mandatory, is to be determined from the consideration of the subject-matter and the relation of the provision to the general object intended to be secured by the act so as to arrive at the true legislative intent (citing 1 Words and Phrases, Second Series, 371, 372).

2. **Animals** ⬅50(1)—Statute giving commissioners "power and authority" to fence stock law district permissive.

Code 1907, § 5881, providing for establishment of stock law districts and giving the courts of county commissioners "power and authority" to cause fences to be built on lines between such districts and other districts on which stock is allowed to run at large is not

mandatory, but permissive, leaving the erection of the fence by the board·of revenue a matter resting in their sound discretion, and such construction of the statute does not invade any constitutional rights of a resident of a nonstock law district, though his failure to keep his cattle inclosed subjects him to civil and criminal liability for trespass, on property within the stock law district (citing 1 Words and Phrases, Second Series, 371, 372).

**3. Constitutional law** ⬦258, 302—**Subjection of owner of cattle in district in which stock is permitted to run at large to liability for trespass of cattle in adjoining stock law district not denial of due process.**

Owner of cattle in district in which stock is allowed to run at large adjoining a stock law district established under Code 1907, § 5881, are subject to both civil and criminal liability for the trespass of their cattle upon the property of such stock law district regardless of whether a fence has been constructed along the boundary; the subjection of owner to such liability not being violative of Const. § 6, or Const. U. S. Amend. 14, as to due process of law.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Petition by Lee P. George for mandamus directed to Board of Revenue and Road Commissioners of Mobile County to require the entry of an order for the construction of a line fence. From a decree denying the writ, petitioner appeals. Affirmed.

Petition filed by appellant seeking mandamus against the board of revenue and road commissioners of Mobile county to require said board to provide for the building of a fence on the boundary line of precinct No. 32, so as to separate it from precincts Nos. 20, 8, and.9. The petition shows that petitioner is a resident of precinct No. 9, in Mobile county, and an owner of live stock ranging at large in said precinct, which precinct immediately joins precinct No. 32; that an election was held in precinct No. 32 in August, 1920, in all respects as provided by statute, to ascertain whether a majority of the qualified electors thereof desired a law prohibiting the running at large of stock, the result of which election was declared to be for the stock law; and at the time of the filing of the petition the respondent board of revenue has failed to provide for the building of fences on the boundary line of said precinct No. 32.

It further appears that precinct No. 32 is bounded by precincts Nos. 20, 8, and 9, and that in each of said precincts it is lawful to allow stock to run at large, and that petitioner and many other electors in precinct No. 9 are owners of live stock lawfully allowed to run at large therein; and that because of the failure of the board of revenue to provide fences on the line of said precinct

No. 32, so as to separate it from other adjoining precincts, petitioner's live stock passed from precinct No. ·9 to precinct No. 32, and petitioner and all other electors and freeholders in said precinct No. 9 have been harassed and put to great expense and caused to suffer great pecuniary damage because . of the impounding of petitioner's live stock within the limits of said precinct No. 32 by persons living therein, whenever said live stock passed across the boundaries. The petition prays for an order commanding the board of revenue to provide for the building of fences on the boundary line of precinct No. 32.

The demurrers to the petition take the point that the building of a fence is a matter of discretion with the board, which cannot be controlled by mandamus, that the petition fails to allege a demand on the part of the petitioner before the filing of the petition, and that the individual members of the board are not made parties respondent. The court sustained the demurrer, and, upon petitioner declining to amend, the petition was dismissed. From this judgment the petitioner prosecutes the present appeal.

Frederick G. Bromberg and Alan G. Bolton, both of Mobile, for appellant.

The construction of a fence is an essential part of the establishment of a stock-law district. Section 5881, Code 1907; 151 Ala. 511, 44 South. 110. No notice was required as appellee was required to take notice of the law and obey, and hence no request upon appellee is necessary. High on Mandamus 14, 36–38. 4 Idaho, 145, 37 Pac. 349, 95 Am. St. Rep. 53; 127 Ill. 613, 21 N. E. 187. Until the establishment of such a fence the district is regarded as uninclosed lands. 25 Ala. 229; 53 Ala. 596. The requirements of section 5581, Code 1907, are mandatory. Authority supra.

Gordon & Edington, of Mobile, for appellee.

The petition should show a demand upon and refusal by the board, before this action will lie. 133 Ala. 329, 32 South. 131. The establishment of a fence and its building is within the discretion of the board, and not to be enforced by mandamus. 44 Ala. 654; 120 Ala. 134, 26 South. 494; 149 Ala. 650, 43 South. 187; 151 Ala. 535, 43 South. 843; 190 Ala. 493, 67 South. 273.

GARDNER, J. Appellant by this proceeding seeks to require the board of revenue and road commissioners of Mobile county to provide for the building of a fence on the boundary line of precinct No. 32, which has by election duly held been established as a stock law district in said county.

"Stock law" was established in precinct No. 32 in accordance with the provisions of sec-

tion 5881 of the Code of 1907. Said section 5881 provides, among other things, that the courts of county commissioners or courts of like jurisdiction in their respective counties have full and complete authority to supervise and direct the holding of elections for establishing stock law districts in their respective counties or parts thereof, "and have power and authority to define what is a lawful fence or lines between stock law districts and nonstock law districts; and to provide for building fences on the lines of the districts and to cause to be built a lawful fence on lines between any county that may allow stock to run at large, and on lines of the subdivisions of the county that allow stock to run at large."

[1] The question of prime importance on this appeal is whether or not that portion of the foregoing language quoted from said section, which has reference to the building of fences on the boundary lines of stock law districts, shall be construed to be permissive or mandatory. The words "have power and authority," used in this statute in ordinary acceptance and in private transactions usually, are construed as permissive, but their proper construction, when used in the statute, is to be determined from the consideration of the subject-matter and the relation of the provision to the general object intended to be secured by the act, so as to arrive at the true legislative intent. Mr. Black in his Interpretation of Laws lays down the rule that, where a statute provides for the doing of some act which is required by justice or public duty, as where it invests a public body, municipality, or officer with power and authority to take some action which concerns the public interests or the rights of individuals. though the language of the statute be merely permissive in form, yet it will be construed as mandatory, and the execution of the power may be insisted upon as a duty. The foregoing rule was quoted with approval in Jones v. Commissioners, 137 N. C. 579, 50 S. E. 291, which is of interest in this connection, and where many authorities are cited. The case of Bowen v. City of Minneapolis, 47 Minn. 115, 49 N. W. 683, 28 Am. St. Rep. 333, is very much in point, and we take therefrom the following quotation:

"There is no universal rule by which directory provisions in a statute may, under all circumstances, be distinguished from those which are mandatory, and an examination of the adjudicated cases simply tends to confuse the examiner. In the case of Howard v. Bodington, 2 Prob. Div. 203, Lord Penzance stated (page 211) that in his belief, as far as any rule was concerned, one 'cannot safely go further than that in each case you must look to the subject-matter, consider the importance of the provisions, * * * and the relation of that provision to the general object intended to be secured by the act, and upon a review of the case in that aspect decide whether the enact-

ment is what is called imperative or only directory. Again, in a case where the words used were merely permissive, it was said: 'The conclusion to be deduced from the authorities is that, where power is given to public officers in the language of the act before us, or in equivalent language, whenever the public interests or individual rights call for its exercise, the language used, though permissive in form, is in fact peremptory. What they are empowered to do for a third person the law requires shall be done. The power is given, not for their benefit, but for his. It is placed with the depositary to meet the demands of right, and to prevent a failure of justice. It is given as a remedy to those entitled to invoke its aid, and who would otherwise be remediless.' Supervisors v. United States, 4 Wall. 435, 446."

The rule as thus recognized is given very general application by the courts in this country. 36 Cyc. 1157, with cases cited in the note; 1 Words and Phrases, 647, 648; 1 Words and Phrases, Second Series, 371, 372. This principle of law was also recognized by this Court in Tarver v. Commissioners' Court, 17 Ala. 527, where it was said:

"It is true the language of the act is that it shall be lawful for the commissioners' court to levy a tax, etc.; but it is well settled that the word 'may' or the words 'it shall be lawful' are peremptory when used in a statute, where the public or individual has the right de jure, that the powers conferred by the act shall be exercised."

The Tarver Case has found frequent citation in subsequent decisions of this court. Graham v. City of Tuscumbia, 146 Ala. 449, 42 South. 400; Board of Rev. v. Farson, 197 Ala. 375, 72 South. 613, L. R. A. 1918B, 881; Shackelford v. State, 204 Ala. 362, 85 South. 786.

[2, 3] Applying these principles to the statute here under consideration, we upon first consideration were of the opinion, and so wrote, that the language used should be construed as mandatory, but upon a reconsideration of the question have reached a contrary conclusion.

This court, in construing section 4251 of the Code in Ex parte Fowler, 203 Ala. 98, 82 South. 112, reversed the holding of the Court of Appeals in Griffin v. Fowler, 17 Ala. App. 163, 82 South. 653, saying:

"If the animal wanders or strays from out a stock law district into a stock law district and depredates upon property within the stock law district, the owner, wherever resident, is liable therefor, regardless of the presence or absence of negligence on his part. * * * If the owner residing outside the stock law district would avoid liability for depredations committed by his cattle within a [stock law] district, he must restrain his cattle."

The language of the opinion in Flowers v. State, 168 Ala. 148, 53 South. 276, with reference to the construction of section 7813 of the

Code would lead to a like result, as to criminal liability under this latter statute for one who knowingly permitted his stock to trespass. While what was said as to this particular statute was not necessary for the determination of that particular case, yet it appears to be in entire harmony with the holding in Ex parte Fowler, supra, construing the civil statute.

Under these holdings, therefore, the owner of cattle in the precinct adjoining that of No. 32 are subject to both civil and criminal liability for the trespass of their cattle upon the property of residents of said precinct where stock law is in force, whether there has been a fence erected on the boundary of such precinct or not. These decisions recognize no such limitations upon the question of liability that a fence should first have been erected, as a condition precedent, nor can these statutes be so construed. It therefore appears that the erection of a fence around the boundary of precinct No. 32 is not essential to the enjoyment by the residents of such precinct of the benefits of the stock law, which they have established by their vote. They are protected by law, with the infliction of both civil and criminal liability upon the owner of the stock trespassing upon their premises. There is therefore no public necessity, so far as the protection of citizens is concerned, and we are of the opinion that neither the public interest nor individual right necessarily call for its erection.

But it is argued by counsel for appellant that, as petitioner resides in a nonstock law district, under the decisions of this court, his stock was permitted to run at large, and that those who would protect against their depredations must inclose against them, and we are referred to the general rule of our decisions to the effect "that stock must be fenced out, not in." Clear Creek v. Gossom, 151 Ala. 450, 44 South. 404; Clear Creek v. Duncan, 151 Ala. 433, 44 South. 404.

The argument is then further pressed that to construe the language as permissive, and not requiring the erection of a fence around the boundary of the precinct, would be so construing the statute as to result in the violation of the petitioner's constitutional right under section 6 of the Constitution of Alabama and the Fourteenth Amendment of the Constitution of the United States. The residence, however, of the petitioner in a nonstock law district entitles him under the rule of our decisions to permit his stock to run at large. This is a rule of law rather than a constitutional right, but a rule of law which is not repealed by the construction of this statute as permissive. The decisions are to the effect that, should he exercise the right and permit his cattle to run at large, he nevertheless subjects himself to liability should they wander into a stock law district and

commit depredations upon the property of residents of such district. If he should free himself entirely from possibility of liability for such a trespass, he is required under the rule of the decisions to keep his cattle inclosed. The fact that he may reside adjoining a stock law district is but a mere incident, possibly unfortunate to himself, but it does not change the law, nor does this mere incident form any foundation for a contention that any of the constitutional rights have been invaded.

Therefore, upon a more mature deliberation of this question, we have reached the conclusion that neither the public interest or any individual right call for a construction of this statute as mandatory. The words used in this statute in their ordinary acceptance, and in private transactions, are usually construed as permissive. The necessities of this case do not call for a contrary construction, and we are therefore of the opinion the statute can be construed as permissive, leaving the erection of the fence by the board of revenue a matter resting in their sound discretion.

This conclusion renders unnecessary a consideration of the other assignments of demurrer, as the assignment taking this point goes to the merits of the cause, and justifies the ruling of the court below.

The judgment appealed from will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.