(96 South. 781)

## GEORGE et al. v. CHICKASAW LAND CO.
### (1 Div. 281.)

(Supreme Court of Alabama. May 10, 1923. Rehearing Denied June 14, 1923.)

**1. Animals ⬒97—In absence of statute, owner of animals running at large not liable for trespass.**

Animals are permitted to run at large, unless there is a statute prohibiting them, and those who would avoid injury to their lands from the exercise of such privilege by the owner of the animals, must inclose his lands against them by a lawful fence.

**2. Animals ⬒49—Constitutional law ⬒63(3) —Legislature may authorize stock law districts.**

It is within the powers of the Legislature to prohibit the running at large of cattle and other domestic animals within certain districts and may authorize commissioners' courts and boards of revenue to establish or to abolish stock law districts.

**3. Animals ⬒49—Constitutional law ⬒294 —Stock Law District Act held not unconstitutional.**

Stock Law District Act held not to violate Const. art. 1, § 6, nor Const. U. S. Amend. 14, § 1, guaranteeing against the deprivation of property without due process of law, on the ground that only bona fide residents of the precinct where a stock law election is held under Code 1907, § 5885 as amended by Laws 1909, p. 231 may vote on the subject of the establishment of a stock law district; the privilege of nonresidents to allow stock to run at large being neither property nor interest in property.

**4. Animals ⬒97—Owner of cattle within stock law district must restrain them.**

A cattle owner residing within or without a stock law district organized under Code 1907, § 5881, section 5882 as amended by Acts 1909, p. 124, sections 5883, 5884, and section 5885 as amended by Acts 1909, p. 231, must restrain his cattle and not allow them to run at large, if he would avoid their being seized and held for damages under sections 5889–5894.

**5. Animals ⬒97—Owner of cattle running at large in stock law district liable for damages whether district is fenced or not.**

An owner of cattle running at large within a stock law district is liable for damages done by them, whether the district is fenced on its boundary line or not; the question of fencing being in the sound discretion of the board of revenue.

**6. Animals ⬒95(2)—Owners of cattle running at large in stock law district held to have adequate remedy at law for interference with such stock barring relief by way of injunction.**

In a suit by nonresidents of a stock law district to restrain interference with their cattle running at large within the district, held, that the complainants had a clear, plain, and adequate remedy at law under Code 1907, §§ 5890, 5894, providing for the adjustment of damages caused by cattle running at large within the

---

stock law district, and therefore were not entitled to an injunction.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill by Lee P. George and others against the Chickasaw Land Company. From a decree dismissing the bill, complainants appeal. Affirmed.

Frederick G. Bromberg, of Mobile, for appellants.

The provisions of Code, §§ 5882 (as amended by Acts 1909, p. 124) and 5885 (as amended by Acts 1909, p. 231), violate section 36 of the Constitution of Alabama and the Fourteenth Amendment to the Constitution of the United States. Ex parte Rhodes, 202 Ala. 68, 79 South. 462, 1 A. L. R. 568; Rhodes v. Otis, 33 Ala. 578, 73 Am. Dec. 439; Los Angeles v. Los Angeles Water Co., 177 U. S. 558, 20 Sup. Ct. 736, 44 L. Ed. 886. The bill has equity, on the ground of preventing multiplicity of suits. Roanoke Guano Co. v. Saunders, 173 Ala. 347, 56 South. 198, 35 L. R. A. (N. S.) 491; Southern Steel Co. v. Hopkins, 174 Ala. 465, 57 South. 11, 40 L. R. A. (N. S.) 464, Ann. Cas. 1914B, 692.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

The stock law is a valid exercise of the police power. Edwards v. Bibb County Board of Commissioners, 193 Ala. 554, 69 South. 449. Injunctive power is not exercised merely to allay apprehension of injury; the injury must be both imminent and irreparable in a court of law. Cullman Property Co. v. Hitt Lbr. Co., 201 Ala. 150, 77 South. 574. Appellants cannot invoke equity, merely to have their wrongdoing adjudged in one suit instead of forty. Turner v. Mobile, 135 Ala. 109, 33 South. 132.

MILLER, J. This bill is filed by Lee P. George and others against the Chickasaw Land Company, a corporation, its officers, employés, and agents, and seeks a temporary and perpetual injunction against each defendant from interfering with the cattle and other live stock belonging to either of the complainants that may be allowed by them to range at large in stock district known as precinct No. 32 in Mobile county, in such portions thereof as are not inclosed by a lawful fence or fences.

The defendants demurred to the bill as amended, which demurrers the court sustained; and, complainants declining to further amend the bill, the court by decree dismissed the bill and taxed complainants with the cost. These decrees are separately assigned as error by complainants, the appellants. There were two grounds of demurrer: (1) There is no equity in the bill of complaint, and (2) from its allegations it appears complainants have an adequate remedy at law.

The complainants are resident citizens of Mobile county, and are each over the age of 21 years, but they do not reside in precinct 32 in that county. They each own a large number of milch and beef cattle. The defendant corporation was organized under the laws of Alabama, and has an office in precinct 32. There is no fence around this stock district, precinct 32, and complainants' cattle and stock are allowed by them to range in this precinct, and while so ranging within its limits the defendant corporation, by its agents, servants, or employés, unlawfully seized and imprisoned them in an inclosure and refused to deliver the cattle on demand by complainants, the respective owners, until the amount claimed by the defendant corporation was paid as pound fees. The defendant corporation threatens to continue unlawfully seizing and imprisoning the cattle of complainants whenever they may range at large within this stock district, precinct 32.

It appears from the bill as amended that the defendants base their right to so seize the cattle running at large in precinct 32 upon the ground it has been declared and established a stock law district, in which such stock are prohibited by law from running at large by the board of revenue and road commissioners of Mobile county, under the provisions of section 5881, section 5882 as amended Gen. Acts 1909, p. 124, and sections 5883, 5884, and section 5885 as amended Gen. Acts 1909, p. 231, Code 1907.

[1] Animals are permitted to run at large unless there is a statute prohibiting them, and those who would avoid injury to their lands from the exercise of this privilege by the owner of the animals must inclose his land against them by a lawful fence. M. & O. R. R. Co. v. Williams, 53 Ala. 595; Savage v. Wallace, 165 Ala. 572, 51 South. 605; 1 Michie Dig. p. 251, § 48.

[2] It has been frequently held by this court that it is within the powers of the Legislature to prohibit the running at large of cattle and other domestic animals within certain districts. Spigener v. Rives, 104 Ala. 437, 16 South. 74. And the Legislature has the power to authorize commissioners' courts and boards of revenue to establish or to abolish stock law districts. Benedict v. Board of Rev., 177 Ala. 52, 58 South. 306; McGraw v. County Comm'rs of Greene County, 89 Ala. 407, 8 South. 582; Spigener v. Rives, supra.

Section 5885, Code 1907, as amended Gen. Acts 1909, p. 231, reads:

"All qualified electors who are bona fide residents in the precinct or precincts where the election is held shall be entitled to vote, and none others."

The complainants claim this Stock Law District Act is unconstitutional, because only the qualified electors, bona fide residents of the district where the election is held are entitled to vote on whether the stock law district shall be established. Those citizens only who are qualified electors, who are bona fide residents of the proposed stock law district, can participate in the election, and vote for or against the proposed stock law district. The complainants do not and did not reside in precinct 32 when the election was held; they could not participate in the election for or against the establishment of this stock law district, and they claim they were thereby deprived of their right or privilege to permit their cattle to continue to run at large in precinct 32 by a majority vote of the qualified electors, bona fide residing therein, and voting at the election, and they were thus deprived of their property without due process of law, as guaranteed them by section 6, art. 1, of the Constitution of Alabama, and also section 1 of the Fourteenth Amendment of the Constitution of the United States.

[3] The permission by law of complainants, nonresidents of precinct 32, to allow their cattle and other stock to run at large in this precinct was neither property, nor right nor interest in property. This statute deprived them of no property in precinct 32, and deprived them of no interest in or right to any property in this precinct. It is not contrary to the Constitution. Brazeel v. Comm'rs Court, 155 Ala. 196, 46 South. 584; Benedict v. Board of Rev., 177 Ala. 52, 58 South. 306, and authorities, supra.

Section 5890 provides who may take up stock running at large in the stock district, and the proceedings he must pursue by trial in the justice of the peace court to establish a lien on the stock for the damages and charges sustained. If on the trial it is found the animal taken up by the party complaining was not unlawfully at large upon the premises of another, the justice of the peace shall render a judgment discharging it, and taxing the party complaining with the cost. Sections 5891, 5892, Code 1907.

The statutes provide the owner of the stock seized shall have the right to possession of it by paying such judgment and cost or by paying the damages, fees, costs, and expenses due on account of such seizure to the person seizing the animal or stock; and if the parties are unable to agree upon the amount of damages, fees, costs, and expenses due, either party shall have the right to go before any justice of the peace within the precinct where such stock is seized in the manner and mode provided by section 5894 of the Code of 1907, and have the issue tried instantly or as soon as practicable, and the issue shall involve the validity of such seizure and the amount of damages, fees, costs, and expenses. Section 5894, Code 1907. These statutes give the complainants a speedy and adequate remedy at law to try the issue of the validity of the seizure of the stock, and the amount, if any, of the damages, fees, costs, and expenses, if the parties cannot agree on them. Sections 5889, 5894, Code 1907.

[4] These complainants reside outside of stock district 32. The owner of cattle residing within or without the stock law district must restrain his cattle, not allow them to run at large therein, if he would avoid their being seized and avoid liability for damages committed by his cattle within the stock law district. Ex parte Fowler, 203 Ala. 98, 82 South. 112; George v. Board of Revenue, 207 Ala. 227, 92 South. 269.

[5] Whether the stock law district is fenced or not rests in the sound discretion of the board of revenue, but the owner of stock, within or without the district, is liable for damages done by his cattle running at large therein, and the cattle are subject to be seized when running at large therein, whether the district is fenced or not on its boundary line. George v. Board of Revenue, 207 Ala. 227, 92 South. 269; Ex parte Fowler, 203 Ala. 98, 82 South. 112.

[6] There is no equity in the bill as amended and the complainants have a clear, plain, and adequate remedy at law. The demurrers to the bill as amended were properly sustained by the court. The complainants declined to further amend the bill, and the court did not err in dismissing the bill, and taxing complainants with the costs.

The record is free from error, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.