132 So.2d 247

Lawrence ODOM

v.

COURT OF COUNTY COMMISSIONERS et al.

1 Div. 974.

Supreme Court of Alabama.

June 29, 1961.

**418**

Adams, Gillmore & Adams, Grove Hill, for appellant.

Grady W. Hurst, Jr., Chatom, for appellees.

MERRILL, Justice.

Appellant, Lawrence Odom, a deputy sheriff of Washington County, sought a writ of mandamus in the Circuit Court of Washington County against the Court of County Commissioners of the county. The demurrer to the petition was sustained, and appellant suffered a non-suit by reason of the adverse ruling. The error assigned is the sustaining of the demurrer to the petition.

The petition shows that on August 15, 1960, appellant was appointed a deputy sheriff pursuant to the provisions of Act No. 574, General Acts of Alabama 1951, that defendants were notified of the appointment, but defendants, in their official capacity, have not paid his salary as required by the Act; that on August 16, 1952, the Attorney General of Alabama rendered an official opinion holding that Act 574 is mandatory in its provision that the county governing body appropriate sufficient funds monthly for the payment of such salary.

The controlling question presented is whether the Act vests in the Court of County Commissioners of Washington County a discretion as to the payment of appellant's salary, or that the Act makes it mandatory. The trial court, by sustaining the demurrer, ruled that appellees had a discretion in the matter. No question as to the constitutionality is raised or here considered.

Section 1 of the Act provides:

"The governing body of any county having a population of not less than fourteen nor more than sixteen thousand inhabitants according to the last or any subsequent federal census is hereby authorized to provide sufficient funds monthly from the county treasury for the appointment by the sheriff of a deputy sheriff, such deputy to be in addition to all other deputies provided by law. The governing body of the county shall fix the deputy's salary at not less than two hundred dollars ($200) per month, said salary to be paid from the general fund of the county."

We agree that the Act does not make it mandatory that the county governing body authorize any salary for appellant. If it should authorize any salary for an additional deputy, it must provide a minimum salary of $200 per month. The Act does not order the county governing body to provide any salary; it merely gives it the permission to do so. We think the intention shown in the Act is that the county governing body is to determine the need for an additional deputy to be paid by the county, and if the need be determined to exist, then it could, in its discretion, authorize the sheriff to employ such deputy at a salary not less than the minimum stated in the Act.

In George v. Board of Revenue and Road Com'rs, 207 Ala. 227, 92 So. 269, 270, a code section was construed. It provided that the county governing body should direct the holding of "stock law" elections, "and have power and authority to define

what is a lawful fence or lines between stock law districts and nonstock law districts; and to provide for building fences on the lines of the districts and to cause to be built a lawful fence on lines between any county that may allow stock to run at large, and on lines of the subdivisions of the county that allow stock to run at large." Code 1907, § 5881. Appellant sought to have the county governing body to build a fence on the boundary line of a "stock law" precinct so that his cattle, in a "free range" precinct, would not get over into the "stock law" precinct and be impounded. This court said:

> "The question of prime importance on this appeal is whether or not that portion of the foregoing language quoted from said section, which has reference to the building of fences on the boundary lines of stock law districts, shall be construed to be permissive or mandatory. The words 'have power and authority,' used in this statute in ordinary acceptance and in private transactions usually, are construed as permissive, but their proper construction, when used in the statute, is to be determined from the consideration of the subject-matter and the relation of the provision to the general object intended to be secured by the act, so as to arrive at the true legislative intent. * * *"

The court held that "the statute can be construed as permissive, leaving the erection of the fence by the board of revenue a matter resting in their sound discretion."

We have already shown that we construe the Act here in question to be permissive only. The demurrer to the petition was properly sustained.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.