(129 So. 57)

**WIGGINS, Probate Judge, v. EVANS.**

8 Div. 218.

Supreme Court of Alabama.

June 14, 1930.

O. Kyle, of Decatur, for appellant.

Eyster & Eyster, of Decatur, and F. E. St. John, of Cullman, for appellee.

BOULDIN, J.

The appeal is from the judgment of the circuit court awarding a mandamus directed to the judge of probate of Morgan county, and ordering him to issue to petitioner a warrant payable from a specified fund as per order of the commissioners' court. Appellant challenges the legality of the proceedings of the commissioners' court.

The pertinent facts, presented in pleadings and proof, are, in substance, as follows:

In 1920, Morgan county, authorized by a vote of the qualified electors, issued $440,000 public road bonds.

The order for an election specified the roads on which the funds should be used, and this was printed upon the ballots.

Fifty thousand dollars was thus appropriated to the repair and rebuilding of existing pike roads. The balance was to be expended in construction of new pike roads, and apportioned to several projects on a mileage basis. Among them was project C, as follows: "Extend the Falkville East Pike by way of Gandy's Cove, through Lawrence Cove Beat to intersect with the Florett and Ryan's Cross-Roads road at or near the old Tingle place, estimated to be 11 miles."

Accordingly the sum of $58,263.70 of the fund was allocated to project C.

At that time the Falkville pike east had been constructed some five miles.

It seems this mileage was somewhat extended, and this stretch of completed pike road has been maintained and repaired from this fund. Beyond this "pike" section, it seems some portion was resurveyed and graded in 1922 or 1923, and the funds apportioned to project C were so used, and have been since used in the maintenance of the "unpiked" section toward the eastern terminus.

In May, 1929, under the heading "Project C," the following order was entered: "Upon motion of A. K. Frost, M. S. Bingham was employed to relocate and survey the proposed road from Oden Ridge into Lawrence Cove."

Accordingly a new survey was made beginning on the old road at Oden Ridge, beyond the "piked" section, and extending some one and three-quarters miles to the center of a bridge across Frost creek.

This new survey leaves the old road at the starting point, a mountainous region, and at points is a half mile or more off the old survey. At Frost creek bridge it connects with another public road, which in turn connects back into the old road, some half a mile further on at Lawrence Cove schoolhouse.

This new survey was established as a public road at August term, 1929. The warrant ordered issued to this petitioner and payable from the funds of project C is for work done in grading this new road.

In the establishment, relocation, and construction of public roads, the court of county commissioners is invested with legislative, judicial, and executive powers. Code, § 1347.

Acting as a court, it has original jurisdiction, is a court of general as distinguished from one of limited jurisdiction, and all the presumptions are indulged in favor of its orders which are accorded to other courts of general jurisdiction. Code, § 6754; Kirby v. Commissioners' Court of Marshall County, 186 Ala. 611, 65 So. 163.

This is not questioned by appellant's counsel. The point is made that this new road is not a part of project C as averred in the petition.

True, the order establishing the new road makes no reference to its being a sector in project C, the road from Falkville to Tingle

place. It is established as a distinct public road according to the survey, giving courses, distances, and termini.

Looking to parol evidence it is intended as a relocation of a sector of "Project C" in order to get a better grade.

Without question, when completed, it becomes a part of a continuous highway from one terminus to the other of that project, and passes through the neighborhoods mentioned in that project.

No survey, route, nor existing road is mentioned in the original order after leaving the terminus of the pike as it then existed. The terminus at the other end is not definitely fixed. It is to connect with another named road "at or near the Tingle place." Nor does the fact that for a distance of half mile or more it utilizes part of another road furnish any legal nor economic objection. That the new survey is on a fifty-foot right of way, and the connecting road on a thirty-foot right of way makes no difference.

Our conclusion is the mere departure from the old road along this sector furnishes no ground to declare it not a portion of project C as originally specified.

While, as stated, the order establishing the new location does not recite it is a part of project C, the record does show that the order for the survey was made under that heading, and the order for the issuance of the warrant declares it payable from that fund.

We think if the court should build a stretch of road answering as a part of "Project C", and should thereafter decide to connect it in as part of such continuous road, it would then become part thereof.

Here the construction within itself effects a connected road answering to that project, the cost of which may lawfully be paid from that fund.

No question of fraud in the proceedings is presented.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.